HARRY W. SMITH *vs.* ÆTNA LIFE INSURANCE COMPANY.

Worcester.    September 30, 1903. — February 25, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Insurance, Accident.*

Under an accident insurance policy insuring a cotton manufacturer against injuries not caused by "voluntary exposure to unnecessary danger" the assured cannot recover for an injury received while riding in an amateur steeple chase. *Semble*, otherwise of an injury incurred while engaged in an ordinary sport or amusement.

MORTON, J. This is an action to recover indemnity under an accident insurance policy for injuries received by the plaintiff while engaged in riding a steeple chase. The case was heard by a judge of the Superior Court upon agreed facts, and the judge found and entered judgment for the defendant and the plaintiff appealed.

The policy in suit is a renewal policy and expired June 6, 1901. The accident occurred June 1, 1901. The original policy was issued in 1895, and ran for one year. There were successive renewals from year to year as each expired. In the application on which the original policy was issued the plaintiff's

occupation was stated to be that of a cotton manufacturer. The application required that the "occupations" of the applicant "should be fully stated." In the policy the plaintiff was described as "a cotton manufacturer by occupation." Amongst the conditions on which the policy was issued was one that the policy should not cover injuries caused by "voluntary exposure to unnecessary danger." On May 28, 1901, the defendant learned that the plaintiff engaged in steeple chase riding, and directed its agent in Worcester to cancel the plaintiff's policy on the ground that it could not assume that hazard or take the chance of a claim. Thereupon the defendant's agent sent a check for the unearned premium to the agents through whom the plaintiff had procured the policy and to whom he had paid the premiums, with a request to notify the plaintiff that the policy had been cancelled and to return it. The plaintiff was absent from the city, and his bookkeeper opened the letter containing the notice and check, and after communicating with the agents through whom the plaintiff had obtained the policy, and being assured by them that it would be all right to do so, delivered up the policy. There was a provision in the policy giving the defendant the right to cancel it upon returning the unearned premium. Upon being informed as to what had taken place in his absence the plaintiff repudiated what had been done, and notified the defendant that he held the check subject to their order.

There are two questions before us: First, Whether the plaintiff's injuries were received in consequence of a voluntary exposure to an unnecessary danger within the meaning of the policy, and, secondly, Whether the policy had been duly cancelled before the accident.

We do not find it necessary to consider whether the policy had been duly cancelled, as we are of opinion that there was a voluntary exposure to unnecessary danger. Steeple chase riding, as commonly understood, differs from ordinary riding and driving and involves elements of unusual hazard and danger. There can be no question that the danger was unnecessary and that the exposure to it was voluntary. There was nothing in the description of the occupation of the plaintiff contained in the policy nor in anything else contained in the policy which included steeple chase riding or which showed that the plaintiff engaged

in it.  We do not mean to say that an accident policy containing a provision like that contained in the policy in this case against voluntary exposure to unnecessary danger debars the insured from recovery if injured while engaged in the common sports and amusements.  But in steeple chase riding, the liability to accident is much greater than in the ordinary sports and amusements.  The fact that the race in which the plaintiff was injured was for amateurs makes no difference.  Neither does the circumstance that the defendant's agent was aware that the plaintiff occasionally rode steeple chase races make any difference.  The liability of the defendant depends on the terms of the policy and whether an accident sustained in steeple chase riding comes within them.  For reasons already given we do not think that it does.

*Judgment affirmed.*

*T. H. Gage, Jr.*, for the plaintiff.
*H. H. Fuller*, for the defendant.

