ROGERS *v.* METROPOLITAN LIFE INSURANCE CO.

1. INSURANCE—GROUP POLICY—TEMPORARY AND PERMANENT DISABILITY BENEFITS.

   Group insurance policy providing for temporary disability and death benefits to all employees and permanent disability benefits to employees under 60 years of age is a valid contract as to temporary disability and death benefits only where employee was over 60 years of age at time of issuance of policy.

2. SAME—WAIVER—CONTRACTS.

   Doctrine of waiver may not be applied to create a liability not created by, but contrary to, express provisions of valid contract of insurance and never assumed by insurer.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted October 11, 1933. (Docket No. 67, Calendar No. 37,390.) Decided December 5, 1933.

Assumpsit by John A. Rogers, by next friend, against Metropolitan Life Insurance Company, a New York corporation, to recover permanent disability benefits. Judgment for defendant. Plaintiff appeals. Affirmed.

*Milton F. Cooney (John L. Estes,* of counsel), for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright (Robert W. Conder,* of counsel), for defendant.

McDONALD, C. J. This is a suit at law to recover permanent disability benefits under an insurance policy. From an adverse judgment, the plaintiff has appealed.

The defendant, Metropolitan Life Insurance Company, issued group insurance policies covering the employees of the General Motors Truck Division, Yellow Truck & Coach Manufacturing Company. The plaintiff was one of these employees.

In addition to temporary disability and death benefits the policy provided for permanent disability as follows:

"Under the terms of the group policy mentioned on page one of this certificate, any employee shall be considered totally and permanently disabled who furnishes due proof to the company that, while insured thereunder and prior to his 60th birthday, he has become totally and permanently disabled, as a result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit."

The plaintiff's application contained a true statement of the date of his birth which showed that he was 64 years of age when the policy was issued.

Premiums were paid for about five years, at which time the plaintiff became totally and permanently disabled. He was then 69 years of age. A claim was made in the regular way for permanent disability benefits. It was denied on the ground that the insured was not eligible for benefits under the total and permanent disability clause of the policy which applied only to an employee whose disability occurred prior to his 60th birthday. The plaintiff then brought this suit in which he claims the right to recover on the theory that the defendant waived the provision of the policy relative to the age limitation by issuing it with knowledge from its records that the plaintiff was more than 60 years of age and by accepting premiums thereon for five years without informing him that he was not fully covered. Unless the doctrine of waiver applies, the plaintiff is not entitled to recover.

There are some material facts present in this case which distinguish it from most of the insurance cases where waiver has been applied and especially from those cited and relied on by the plaintiff. For instance, the premium paid by the plaintiff was no larger than that paid by other employees entitled to the same benefits. All employees regardless of age or physical condition paid the same premium. When they reached the age of 60 they lost their right to total disability benefits, but they continued to pay the same premiums as they had previously paid. Whether they had partial or full coverage the premium was the same. So this is not a case where by reason of some act or neglect of the insurer the insured paid a larger premium than he should have paid. In the payment of premiums he was not prejudiced.

Eliminating the age-limitation clause, the policy constituted a valid and binding contract for the pay-

ment to the plaintiff of temporary health and death benefits. Hence there was a consideration for the premiums.

The policy expressly excluded benefits for total disability to those who had reached the age of 60 years; so if the doctrine of waiver is applied the effect will be to force upon the insurer a risk which it expressly refused to assume.

There were benefits under the policy which were not contingent on the age limitation, so if that clause is enforced it will not render the policy void at its inception, in which case there can be no forfeiture. An enforcement of the age-limitation clause will leave a valid and binding contract for temporary health and death benefits. In view of these facts the language of this court in *Ruddock* v. *Detroit Life Insurance Co.,* 209 Mich. 638, aptly applies:

"The cases where the doctrine of waiver, or estoppel, has been applied have largely been cases where the insurance companies have relied on a forfeiture of the contract, upon breaches of the warranties and conditions to work such forfeiture; and in many such cases this court and other courts of last resort have held that if the companies have led the other party, to his prejudice, to his expense, to understand that such forfeitures, such breaches of warranties and conditions would not be insisted upon, then the companies would be estopped from asserting such defenses. But here the defendant makes no claim of forfeiture of the contract; on the contrary, it is insisting upon the contract itself and insisting that by its terms it did not insure the deceased when engaged in military services in time of war. To apply the doctrine of estoppel and waiver here would make this contract of insurance cover a loss it never covered by its terms, to create a liability not created by the contract and never assumed by the defendant under the terms of the policy. In

other words, by invoking the doctrine of estoppel and waiver it is sought to bring into existence a contract not made by the parties, to create a liability contrary to the express provisions of the contract the parties did make.''

In applying the doctrine of waiver the courts have made a distinction in cases where the entire benefits from the policy are contingent upon the insured being within the age limitation so if that clause is not waived the policy would be void at inception and cases where the enforcement of the age limitation clause leaves a valid contract between the parties. The doctrine of waiver has not been applied to the latter cases. In the first line of cases the insurers rely upon a forfeiture of the policy which the courts do not favor.

The facts in the instant case are very similar to those involved in *McLain* v. *American Glanzstoff Corp.*, 166 Tenn. 1 (57 S. W. [2d] 554), and the principle there enunciated is applicable. It was said:

''If the policy had insured against total disability alone and the insurer knew that complainant was 61 years old at the time the contract was written, the insurer, under this rule, would be estopped to rely on a provision of the policy excepting from total disability benefits any insured over 60 years of age.

''Here, however, the contract of insurance covers the life of the insured for the benefit of his wife, is a valid contract in that respect, not void from its inception. The contract merely excludes from its total disability benefits employees over 60 years of age.''

In the instant case though, the application correctly stated the plaintiff's age and showed that he was not entitled to total disability benefits, the in-

surer owed no duty to so inform him because the application was the same as plaintiff would have made for partial coverage and the insured had a right to assume that plaintiff understood it that way. We conclude there was no waiver.

The judgment is affirmed, with costs.

WEADOCK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.