155 So. 631

## POOL v. PROTECTIVE LIFE INS. CO.

### 6 Div. 566.

Court of Appeals of Alabama.
April 17, 1934.

Rehearing Denied June 5, 1934.

162

Perry & Powell, of Birmingham, for appellant.

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellee.

RICE, Judge.

The action is upon a group policy of life insurance, etc., issued by appellee to the T. C. I. Insurance Club, etc., of which appellant was a member.

Essentially, to the question before us, the complaint, based squarely upon the policy of insurance in question, set up the fact that said policy provided definitely that, "if any member insured under this policy shall furnish this company (appellee) with due proof *that before having attained the age of 60 years*, he or she has become totally and permanently disabled by bodily injury etc. * * * the company will pay to such member," etc. (italics ours); also that appellant was *more than 60 years of age* when said policy was issued; when the certificate provided for therein was issued "to the Club for delivery to each member whose life is (was) insured etc.;" when such a certificate was issued for, etc., appellant; and, of course, when appellant became disabled, etc.; and that all these facts were known at all the times by appellee.

The suit is for the "disability benefit, etc.," mentioned in said policy; appellant's contention, as embodied in his complaint, being that the above-recited facts, in connection with the *other* fact that the said "certificate, etc.," contained, as an integral part thereof, but not over the signature of any official of appellee, a letter from appellant's employer, an official of said T. C. I. Club, containing *this* language, to wit: "Here is your certificate of insurance signifying that you are protected in case of death or total permanent disability for the amount stated. * * * *It represents a monthly income for you in case of your total and permanent disability*" (italics ours)—entitled him to maintain the action.

The sole question presented, regardless of how accurately or inaccurately we may have mentioned every other prerequi-

site, etc., is whether or not appellant can recover upon proof of the herein pertinent facts set up in his complaint. In other words, *did* the fact that appellee issued, etc., the "certificate" for appellant, knowing at the time he was *over* 60 years of age, preclude it from afterwards denying him—he becoming disabled, etc.—the disability benefits described in said policy, or *did* this fact, in connection with the language above herein quoted from a letter to appellant from his employer, included integrally in said "certificate," etc., so preclude it?

We answer the question, in both phases, in the negative, and hold that the demurrers of appellee were properly sustained to the single count of appellant's complaint.

As for the *first* phase of the question above stated, that depending, alone, etc., upon the fact that appellant was *over* 60 years of age when he became insured, etc., under said policy, the reasoning and holding of the Supreme Court of Michigan in the recent case of Rogers v. Metropolitan Life Ins. Co., 265 Mich. 202, 251 N. W. 312, meet our full approval, and, mutatis mutandis, are here applicable, to wit:

"This is a suit at law to recover permanent disability benefits under an insurance policy. From an adverse judgment, the plaintiff has appealed.

"The defendant, Metropolitan Life Insurance Company, issued group insurance policies covering the employees of the General Motors Truck Division, Yellow Truck & Coach Manufacturing Company. The plaintiff was one of these employees.

"In addition to temporary disability and death benefits, the policy provided for permanent disability as follows:

" 'Under the terms of the group policy mentioned on page one of this certificate, any employee shall be considered totally and permanently disabled who furnishes due proof to the company that, while insured thereunder and prior to his 60th birthday, he has become totally and permanently disabled, as a result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit.'

"The plaintiff's application contained a true statement of the date of his birth which showed that he was 64 years of age when the policy was issued. Premiums were paid for about 5 years, at which time the plaintiff became totally and permanently disabled. He was then 69 years of age. A claim was made in the regular way for permanent disability benefits. It was denied on the ground that the insured was not eligible for benefits under the total and permanent disability clause of the policy which applied only to an employee whose disability occurred prior to his 60th birthday. The plaintiff then brought this suit in which he claims the right to recover on the theory that the defendant waived the provision of the policy relative to the age limitation by issuing it with knowledge from its records that the plaintiff was more than 60 years of age and by accepting premiums thereon for 5 years without informing him that he was not fully covered. Unless the doctrine of waiver applies, the plaintiff is not entitled to recover.

"There are some material facts present in this case which distinguish it from most of the insurance cases where waiver has been applied and especially from those cited and relied on by the plaintiff. For, instance, the premium paid by the plaintiff was no larger than that paid by other employees entitled to the same benefits. All employees, regardless of age or physical condition, paid the same premium. When they reached the age of 60, they lost their right to total disability benefits, but they continued to pay the same premiums as they had previously paid. Whether they had partial or full coverage the premium was the same. So this is not a case where by reason of some act or neglect of the insurer the insured paid a larger premium than he should have paid. In the payment of premiums he was not prejudiced.

"Eliminating the age limitation clause, the policy constituted a valid and binding contract for the payment to the plaintiff of temporary health and death benefits. Hence there was a consideration for the premiums.

"The policy expressly excluded benefits for total disability to those who had reached the age of 60 years; so if the doctrine of waiver is applied, the effect will be to force upon the insurer a risk which it expressly refused to assume.

"There were benefits under the policy which were not contingent on the age limitation, so if that clause is enforced, it will not render the policy void at its inception in which case there can be no forfeiture. An enforcement of the age limitation clause will leave a valid and binding contract for temporary health and death benefits. In view of these facts the language of this court in Ruddock v. Detroit Life Insurance Co., 209 Mich. 638, 177 N. W. 242, 248, aptly applies:

" 'The cases where the doctrine of waiver, or estoppel, has been applied have largely been cases where the insurance companies have relied on a forfeiture of the contract, upon breaches of the warranties and conditions to work such forfeitures; and in any of such cases this court and other courts of last resort have held that if the companies have led the other party, to his prejudice, to his expense, to understand that such forfeitures, such breaches of warranties and conditions, would not be insisted upon, then the companies would be estopped from asserting such defenses. But here the defendant makes no claim of forfeiture of the contract; on the contrary, it is insisting upon the contract itself, and insisting that by its terms it did not insure the deceased when engaged in military services in time of war. To apply the doctrine of estoppel and waiver here would make this contract of insurance cover a loss it never covered by its terms, to create a liability not created by the contract and never assumed by the defendant under the terms of the policy. In other words, by invoking the doctrine of estoppel and waiver it is sought to bring into existence a contract not made by the parties, to create a liability contrary to the express provisions of the contract the parties did 'make.'

"In applying the doctrine of waiver the courts have made a distinction in cases where the entire benefits from the policy are contingent upon the insured being within the age limitation, so if that clause is not waived, the policy would be void at inception and cases where the enforcement of the age limitation clause leaves a valid contract between the parties. The doctrine of waiver has not been applied to the latter cases. In the first line of cases the insurers rely upon a forfeiture of the policy which the courts do not favor. * * *

"In the instant case, though the application correctly stated the plaintiff's age and showed that he was not entitled to total disability benefits, the insurer owed no duty to so inform him because the application was the same as plaintiff would have made for partial coverage and the insurer had a right to assume that plaintiff understood it that way."

As for the latter phase of the "question" above, what the opinion in the said Rogers v. Metropolitan Life Ins. Co. Case lacks in persuading us that we are commanded to answer it negatively is made up by the observation that the "loss" here sued for was *not*, as clearly appears, "within the coverage of the policy contract," and that it cannot be so brought "by invoking the principle of waiver or estoppel." Home Ins. Co. of New York v. Campbell Motor Co., 227 Ala. 499, 150 So. 486, 489..

█ The "certificate" issued, etc., to appellant, was not, it seems, and we hold (Code 1923, § 7318), a part of the policy contract. All States Life Ins. Co. v. Tillman, 226 Ala. 245, 146 So. 393. See Austin v. Metropolitan Life Ins. Co. (La. App.) 142 So. 337.

The judgment appealed from is affirmed.

Affirmed.·