*J. C. Hale,* contra.

23818. HOLLIS *v.* TRAVELERS INSURANCE COMPANY *et al.*

JENKINS, P. J. Where at the time an insurance policy is issued the insurer has knowledge of existing facts which if insisted upon would invalidate the contract from its inception, such knowledge on the part of the insurer constitutes a waiver of conditions such as are inconsistent with the known facts. *Atlas Assurance Co.* v. *Kettles,* 144 *Ga.* 306 (3) (87 S. E. 1); *Athens Mutual Insurance Co.* v. *Ledford,* 134 *Ga.* 500 (68 S. E. 91); *Johnson* v. *Ætna Ins. Co.,* 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92); *Metropolitan Life Ins. Co.* v. *Hale,* 177 *Ga.* 632 (170 S. E. 875). Accordingly, if the policy in the instant case had been issued to provide compensation only against total disability, the fact that the insured was known by the insurance company to be more than sixty years of age at the time the policy was issued and the premium was accepted might prevent the company from defeating a claim for total disability by reason of the condition in the policy that such a claim would be allowable only when the disability arose before the insured had reached the age of sixty years; but where, as here, the policy of group insurance was issued as a death benefit under varying premium rates commencing at the age of fourteen years and extending to the age of eighty years, and further provided that if, while the policy was of force and before the insured had attained the age of sixty years, he should become totally and permanently disabled, he would be relieved from the payment of further premiums and entitled to the amount of insurance in force at the time proof of such disability was made, the fact that the insured was, and was known to be, more than sixty years of age at the time the policy was issued could not be taken as a waiver by the company of the term of the policy limiting liability on account of total disability to the occurrence of such disability prior to the insured's attaining the age of sixty years. In the absence of any showing of fraudulent conduct and intent on the part of the insurer in issuing the policy, it will be presumed that the contracting parties bought and

sold the death-benefit protection in accordance with the schedule of rates established; and the terms of the policy not being in conflict with the knowledge of the insurer as to the insured's age, the policy will be given effect as written. Rogers v. Metropolitan Life Ins. Co., 55 Mich. 202 (251 N. W. 312); McLain v. American Glanzstoff Corporation, 166 Tenn. 1 (57 S. W. (2d) 554); Smith v. Ætna Life Ins. Co., 185 Mass. 74 (69 N. E. 1059, 64 L. R. A. 117, 102 Am. St. R. 326). The fact that the policy had become incontestable would not operate to change the rule, since, though incontestable, the liability, in the absence of any waiver, is measured by the terms and provisions of the policy itself. Sanders v. Jefferson Standard Life Ins. Co., 10 Fed. (2d) 143; U. S. v. Kaminsky, 64 Fed. (2d) 735.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 19, 1934.

*Duke Davis, H. C. Harrison,* for plaintiff.
*Lovejoy & Mayer,* for defendant.