FARES G. DEBAN *vs.* CONTINENTAL CASUALTY COMPANY.

Suffolk.   April 7, 1936. — May 26, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Insurance,* General liability.

A policy of insurance against liability for damages on account of bodily injuries received on certain premises and the adjacent sidewalk, whose provisions specifically excepted injuries to any person caused by "being in or upon any elevator car . . . or being in or about any elevator well . . . hoistway or equipment thereof," did not cover liability for injuries received by a traveller on the sidewalk by the sudden raising of a sidewalk elevator or hoist.

CONTRACT.   Writ in the Superior Court dated July 2, 1931.

The action was tried before *Brogna*, J., who ordered a verdict for the defendant. The plaintiff alleged an exception.

*E. H. Shamon, (B. G. Gilbert* with him,) for the plaintiff.
*S. P. Sears,* for the defendant.

CROSBY, J.   This is an action of contract in which the plaintiff seeks to be indemnified, under a policy of insurance issued by the defendant, for loss sustained by him by reason of personal injuries received by Nora E. Cook while on the sidewalk adjacent to his premises. The plaintiff, believing he was liable, paid damages, together with expenses he had incurred, which were necessitated by the

disclaimer of the defendant of liability and its failure to defend the action brought against him by Nora E. Cook. The defendant's answer included a general denial; and on April 7, 1936, the defendant filed in this court a motion to amend its answer in which it was alleged in substance that the accident described in the plaintiff's declaration was not the type of accident covered by the policy in question; "that the accident was a result of the injured person having been in or upon an elevator car, or in or about an elevator well, shaft, hoistway, or equipment thereof, which is a type of accident specifically excepted from coverage under the policy . . . that no elevators were described in the schedule referred to and no premium paid by the plaintiff for any elevator coverage . . . ."

The case was tried in the Superior Court. At the conclusion of the evidence the defendant presented a motion for a directed verdict in its favor upon the grounds that upon the pleadings and the evidence the plaintiff as matter of law was not entitled to recover. It was stipulated that if the defendant as matter of law was liable to the plaintiff, a verdict should be entered for the plaintiff in the sum of $7,312. The judge allowed the defendant's motion and directed the jury to return a verdict for the defendant, to which order, allowance of motion and direction the plaintiff excepted.

It is recited in the bill of exceptions that at the trial it was agreed by the parties as follows: that in the years 1923 and 1924 the plaintiff was the proprietor and lessee of the store numbered 228 Boylston Street, in Boston, extending through to Providence Street; that "on January 2nd, 1924 a 'public indemnity' policy was issued to the plaintiff and no question is raised as to its issuance, delivery, or payment of premium therefor, and that the policy was in force at the time of the accident. That on August 27, 1924, one Nora E. Cook was injured while walking on the sidewalk on Providence St., immediately adjacent to the plaintiff's premises. That the accident occurred when a sidewalk elevator or hoist which formed part of the sidewalk was raised from below, underneath her and she was thrown and

hurt. That the said elevator or hoist was raised by operation of the son of the plaintiff who was under sixteen years of age. That Nora Cook was not a passenger on the elevator but was a pedestrian on the sidewalk, did not contemplate riding upon or having anything to do with the elevator. That no question of sufficiency of notice of injury, claim or suit to the defendant is raised by the defendant."

The plaintiff testified that he was not in his store when the accident occurred, but that when he returned he was notified by his daughter that a woman had been hurt on the sidewalk; that he instructed his daughter to notify the insurance company, and later he received a summons and sent it to the company; that the company refused to appear for him, and he employed counsel to defend him; that during the trial he paid $5,000 to Nora Cook's attorney in settlement of her action against him, and $850 to attorneys who appeared for him. He further testified that the elevator was four feet square, that the top of it formed a part of the sidewalk, and that it was used by the janitor of the building, delivery men, and by other tenants of the building.

Nora MacDonald, called by the defendant, testified that her name formerly was Nora Cook; that she was the person involved in the accident; that at that time she did not see the elevator; that she was walking along the sidewalk "and did not know it was there until it rose up through the sidewalk underneath her and she was thrown and hurt."

The first paragraph of the policy issued to the plaintiff is as follows: "A. To indemnify the herein named Assured against loss from the liability imposed by law upon the Assured for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered, or alleged to have been suffered, within the policy period by any person or persons not employed by the Assured, while within or upon the premises described in the Schedule or upon the sidewalk or other ways immediately adjacent thereto." This provision would cover ordinary accidents on the sidewalk adjacent to the premises described in the

schedule. It would not cover an assured where, as here, the elevator in the sidewalk rose up through it and injured a traveller who was passing over it, because the following provisions are also contained in the policy: "2. Exceptions. This policy does not cover loss on account of injuries or death suffered by any person or persons caused by . . . (b) being in or upon any elevator car, or entering upon or alighting therefrom, or being in or about any elevator well, shaft, hoistway, or equipment thereof unless the same is specifically described in the Schedule and a premium paid therefor . . . ." The policy shows that no elevator was described in the schedule, and that no premium was charged or paid for any elevator or hoist. If, as the plaintiff testified, some men came and examined the plaintiff's store and the sidewalks, and made certain measurements of the sidewalks, and later an agent of the defendant delivered to the plaintiff the policy which was issued by the defendant, those acts do not enlarge or affect its terms. It must be construed as written. To hold otherwise would tend to vary the terms of the policy. *Thomas* v. *Commercial Union Assurance Co. Ltd.* 162 Mass. 29, 34. *Smith* v. *Aetna Life Ins. Co.* 185 Mass. 74, 76. *Ritson* v. *Atlas Assurance Co. Ltd.* 279 Mass. 385, 393. *American Mutual Liability Ins. Co.* v. *Condon,* 280 Mass. 517, 526. The case of *Jahns & Knuth Co.* v. *American Indemnity Co.* 182 Wis. 556, cited by the plaintiff, is distinguishable in its facts from the case at bar. Manifestly the policy here involved does not cover the loss for which reimbursement is claimed, and the defendant is not precluded from denying liability. The policy covered ordinary accidents occurring on the sidewalk but did not include accidents involving sidewalk elevators. Exception (b) refers to persons "being in or upon an elevator car, or entering upon or alighting therefrom, or being in or about any elevator well, shaft, hoistway, or equipment thereof unless the same is specifically described in the Schedule and a premium paid therefor."

The entry must be

*Exceptions overruled.*