**DAVIS v. METROPOLITAN LIFE INS. CO.**

No. 16323.

Court of Appeal of Louisiana. Orleans.

June 1, 1936.

Lewis R. Graham and Harry Cabral, both of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar and Wood Brown, all of New Orleans, for appellee.

McCALEB, Judge.

This is an appeal from a judgment sustaining an exception of no right or cause of action to plaintiff's petition. The proceedings had in the trial court are as follows:

On June 24, 1935, plaintiff filed his petition against the Metropolitan Life Insurance Company, the defendant, for recovery of the sum of $112.80 with double indemnity, attorneys' fees, and interest, which substantially sets forth that on September 17, 1932, and for many years previous, he had been continually employed by the Southern Pacific Company as a freight handler in the city of New Orleans; that on or before that date he was insured by and under a policy of group insurance which had been issued by the defendant to the Southern Pacific Company and which policy insured the employees of the Southern Pacific Company, including himself, against total permanent disability incurred while in the employ of the said Southern Pacific Company. The petition further alleges that the defendant agreed to pay him the sum of $37.60 per month for each month he might be totally and permanently disabled from performance of the duties of his employment, and that a certificate was issued to him by the defendant, evidencing his participation in, and coverage by, the group insurance policy issued by the defendant. It is further averred that on or about September 17, 1932, while plaintiff was in the employ of the Southern Pacific Company, he became totally disabled from performing any duties of his employment and that he has been continuously disabled from doing any work up to the present time; that all premiums which had been due by him under the policy of insurance issued by the defendant have been paid and that the Southern Pacific Company had regularly deducted monthly premiums from his wages. He further alleges that the disability benefits due him for the months of March, April, and May, 1935, have not been paid and that the defendant refuses to pay such disability benefits upon the ground that, according to defendant's policy records, he, the plaintiff, was over sixty years of age in September, 1932, and that under the provisions of the policy no disability benefits are due to him. Plaintiff further states that, irrespective of whether or not he had attained the age of sixty in September, 1932, and irrespective of the provision of the policy as to the cessation of benefits if the insured is sixty years of age, the defendant ac-

cepted from him and retained premiums on said policy for many years after the time that the defendant claimed he (the plaintiff) had attained the age of sixty and that, therefore, the defendant has waived the provisions and conditions of its policy and is now estopped to deny liability for plaintiff's permanent total disability. The petition concludes with a prayer for judgment.

The defendant appeared and filed exceptions of vagueness and of no right or cause of action. The exception of vagueness was maintained and the plaintiff was ordered to amend his petition. The court deferred judgment upon the exception of no right or cause of action.

In accordance with the order of the court, plaintiff filed a supplemental and amended petition in which he alleged that he believed he had not attained the age of sixty years on September 17, 1932, as all records of his birth were destroyed, or mislaid, and that, therefore, under the terms of the policy, he is entitled to the disability benefits claimed. He further averred, in the alternative, that in case it should be held that he was more than sixty years of age on the date of his disability, the defendant is now estopped from setting up that defense because of the fact that for many years it had accepted and collected premiums from him on the policy of insurance for which it agreed to pay disability benefits.

After the filing of the supplemental petition, the defendant filed a motion for the plaintiff to elect whether he would proceed upon the theory that he was below the age of sixty when the alleged disability occurred, or whether he was over the age of sixty at that time.

The trial court overruled the motion to elect and, on August 30, 1935, plaintiff and the defendant filed a stipulation of facts, wherein it was agreed that the facts set forth in the stipulation should be considered as part of the pleadings in the case for the purpose of trying any exception to be disposed of by the court. Attached to and made part of the stipulation of facts were certificates of coverage issued by the defendant to the plaintiff and also the primary master policy of group insurance between the defendant and the Southern Pacific Company.

The trial court, thereupon, considering the allegations of the petition as enlarged by the stipulation of facts and exhibits thereto attached, maintained the exception of no right or cause of action and dismissed the plaintiff's suit. Hence this appeal.

At the outset, in order to portray the cause of action herein sued on, it is necessary for us to briefly summarize the pleadings as amplified by the stipulation of facts and the insurance policy itself.

On December 31, 1923, the Southern Pacific Company and the defendant insurance company entered into a contract for group insurance upon the lives of the employees of the Southern Pacific Company, under the terms and stipulations provided for in Group Policy No. 2000–G issued by the defendant. Under the terms of the group policy, the employees of the Southern Pacific Company had the right to apply for life insurance coverage. The plaintiff applied for such coverage, stating in the application that he was born in the year 1868, so that at the time he was insured in 1923, under the group policy, he was fifty-five years of age. This group policy was continued in force and effect until July 27, 1932, at which time the Southern Pacific Company and the defendant entered into a renewal contract of group insurance, under the same numbered policy—2000–G—wherein it is stated that the new policy is issued in lieu of the former policy bearing the date December 31, 1923. The new policy was retroactive in effect as of January 1, 1932.

The first theory of the defendant on the exception of no right or cause of action is that it is alleged in the petition that plaintiff's disability began on September 17, 1932, and that the contract of insurance executed July 27, 1932, provided that the obligation to pay the disability benefits should not come into existence unless the employee had been continuously insured under the policy for a period of one year. It is unnecessary to consider this contention as the case may be finally disposed of on other grounds.

The second theory of the exception of no right or cause of action is that the plaintiff, during the year 1932 when he became disabled, was over sixty years of age, and that under the specific provisions of the policy of insurance, disability benefits are not payable to employees who have attained the age of sixty.

Before disposing of this contention, it will be observed that the plaintiff, by supplemental petition, avers that he believes that he was under sixty years of age at the time he became disabled and alterna-

tively pleads that, if he was over sixty years of age, the defendant is estopped to invoke the condition relied upon as a defense to this action.

■ Plaintiff's counsel reminds us that alternative pleadings have been recognized in Louisiana and that the Supreme Court has held that inconsistent demands may be prosecuted if pleaded in the alternative. He places reliance in the cases of Dilzell, etc., Co. v. Lehmann, 120 La. 273, 45 So. 138, and Jones v. Continental Casualty Co. (La.App.) 157 So. 562. It suffices to say that these cases are inapposite to the case at bar. Here, the plaintiff comes into court and alleges that the defendant owes him disability benefits upon an insurance policy. He further says that he recognizes that, by a provision contained in the policy, no disability benefits are recoverable if he is sixty years of age or over. He then says that, at the time he made application for the policy of insurance in 1923, he was fifty-five years old, which made him, according to his declaration in the application, at the·time of the claimed disability, sixty-four years of age. He further says in effect, "If the court finds I am over sixty years old, the defendant is estopped from making this plea because it has accepted premiums from me and has waived the provisions of its policy, but before I have the court pass on the question of the defendant's estoppel by waiver, I want the court to determine whether or not I am sixty years of age because I believe that I am less than sixty years of age for the reason that my birth certificate has been lost or mislaid." A party prosecuting a claim must set forth a cause of action and prove it with legal certainty. No one is in a better position than the plaintiff to allege and prove his age. The only evidence which the defendant has in its possession is the plaintiff's declaration of birth in the year 1868. However, the plaintiff does not wish to be bound by his declaration, but desires the court to ascertain how old he is, because he says he does not know his age, and because he believes himself to be less than sixty. This is not alternative pleading as sanctioned by the jurisprudence, but is rather a repugnancy of allegation which will not be countenanced by the courts.

We find that the petition, taken as a whole together with the exhibits made part thereof, discloses that the plaintiff, at the time of the claimed disability, was over sixty years of age.

■ Considering now the merits of the exception of no right or cause of action, we find in the general provisions of the master group policy contract between defendant and the Southern Pacific Company in section 1 (b) thereof, the following:

"Total and Permanent Disability Benefit—Upon receipt by the Company of due notice and proof—both in writing—that any Employee while insured hereunder *and prior to his sixtieth birthday* has become totally and permanently disabled as a result of bodily injury or disease, so as to be prevented thereby from engaging in any business or occupation and performing any work for compensation or profit for the remainder of his life, and that such disability has already continued uninterruptedly for a period of at least three months, and provided:—

"(A) The disability for which claim is made commenced after the Employee had been continuously insured hereunder for a period of one year, and

"(B) Written notice of such disability was received by the company not more than one year after premium payment on account of the Employee had been discontinued,

"the Company shall:

"1. Discontinue all the insurance hereunder on the Employee, and

"2. Three months after receipt of such proof of such disability commence to pay to the Employee, *in lieu of the payment of the life insurance at his death,* monthly instalments determined as to number and amount by the amount of such Life Insurance in force at the date of commencement of such disability, in accordance with the table below. If such disability is due to or accompanied by mental incapacity, such instalments may, at the option of the Company, be paid to the Beneficiary of record of the employee." (Italics ours.)

It will be seen from the foregoing that in order for an employee to obtain the disability benefits he must be below the age of sixty years at the time of the disability. It will be further observed that the disability payments are made "in lieu of the payment of the life insurance at his death," and hence the policy may not be construed to be one of disability insurance, but as one of life insurance coupled with an additional option in favor of the employee in the event of disability prior to sixty years of age to obtain the face value of the

certificate of life insurance in monthly installments during disability.

Counsel for the plaintiff, however, urges that under section 16 of the policy a separate premium is charged to and paid by employees amounting to 3 cents per month per $1,000 of insurance for total and permanent disability benefits and that this premium of 3 cents per $1,000 was paid by the plaintiff as a part of his premium after he had attained the age of sixty, and for this reason defendant should be held to have waived the condition of its policy limiting recovery for disability benefits to employees under the age of sixty. In our opinion counsel has misconstrued the provisions of section 16 of the policy.

That section provides:

"Initial Schedule of Monthly Premiums per $1,000 of insurance (of which the Employee may not pay more than sixty cents per month per $1,000), including premium charge of three (3) cents per month per $1,000 of insurance, for all ages below age 60, for Total and Permanent Disability Benefits."

Under the foregoing statement is contained a schedule of monthly premiums to be paid by the Southern Pacific Company to the defendant. Under this schedule, the monthly premium paid by the Southern Pacific Company for a man of plaintiff's age (sixty-four years) is $3.47 per month. In fact, the schedule shows that for all employees over the age of thirty-six the employer pays to the insurance company more than 60 cents per month per $1,000 of insurance.

Eliminating from section 16 the words in parentheses, the section reads:

"Initial Schedule of Monthly Premiums per $1,000 of insurance including premium charge of three (3) cents per month per $1,000 of insurance, for all ages below age 60, for Total and Permanent Disability Benefits."

In other words, the schedule merely sets forth the monthly premiums paid by the employer, which includes a premium of 3 cents per month per $1,000 of insurance for all employees under the age of sixty. After an employee becomes sixty, there is no charge of 3 cents per month contained in the schedule for total and permanent disability benefits. The clause in parentheses reads, "(of which the Employee may not pay more than sixty cents per month per $1,000)." and was placed in the policy for the benefit of the employee and is a contractual limitation on the part of the employer of the amount the employer is allowed to deduct per month from the salary of the employee for the payment of premiums.

We cannot conceive that this limitation has any bearing whatsoever upon the case at bar. At the time the policy was originally issued in 1923 the plaintiff was fifty-five years of age. His employer, during that year, was compelled to pay a monthly premium of $1.71 in order to cover him under the policy. The employer in turn charged the plaintiff 60 cents per month which was paid by plaintiff for the life insurance. Of the amount of $1.71 per month payable at the age of fifty-five, 3 cents per month was set aside by the defendant insurance company to pay the plaintiff monthly disability benefits in the event he should become disabled. However, after the plaintiff attained the age of sixty, the total monthly premium charged was for the maintenance of the insurance upon his life.

Taking the petition as a whole together with the stipulation of facts and exhibits thereto attached, there is nothing which discloses that the plaintiff paid 3 cents per month per $1,000 of insurance for disability benefits after he attained the age of sixty or that the defendant life insurance company accepted from plaintiff's employer, the Southern Pacific Company, any amount for such benefits. On the contrary, it appears to us that the policy in question is purely a life insurance policy coupled with a simple option which might be exercised by an employee who becomes disabled before he is sixty years of age entitling him, in such case, to obtain the proceeds of his life insurance policy in monthly installments in lieu of payment to his beneficiary at the time of his death.

While the question presented is novel to the courts of this state, the point has been passed upon by courts of last resort in a number of our sister states, and those courts have reached the result which we resolve here. See Owens v. Metropolitan Life Insurance Co., 178 S.C. 105, 182 S.E. 322; McLain v. American Glanzstoff Corp., 166 Tenn. 1, 57 S.W.(2d) 554; Metropolitan Life Insurance Co. v. Minton, 188 Ark. 456, 66 S.W.(2d) 627; Rogers v. Metropolitan Life Insurance Company, 265 Mich. 202, 251 N.W. 312; Pool v. Protective Life Insurance Co., 26 Ala.App. 161,

155 So. 631; Id., 229 Ala. 2, 155 So. 633; Hollis v. Travelers' Insurance Company, 49 Ga.App. 274, 175 S.E. 33; Ellis v. Sun Life Assurance Company, 188 Ark. 1167, 67 S.W.(2d) 740; Barnes v. Ætna Life Insurance Co. (Tex.Civ.App.) 7 S.W. 946; and Cato v. Ætna Life Insurance Co., 164 Ga. 392, 138 S.E. 787.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.