76486. ROGERS v. ATLANTIC AMERICAN LIFE INSURANCE COMPANY.
(370 SE2d 810)

CARLEY, Judge.

In June of 1983, appellant-plaintiff and her husband were issued a joint whole life insurance policy by appellee-defendant. The policy contained a "waiver of premium benefit" rider. Under the terms of this rider, appellee agreed to a waiver of premiums in the event that an insured suffered a "total disability." As defined in the rider, an insured's "total disability" consisted of his "[i]ncapacity to engage in any occupation for remuneration or profit, which incapacity is the result of bodily injury which occurs, or disease which first manifests itself after effective date of this Rider." It was further provided that the insured's satisfaction of certain procedural steps would be necessary to secure a successful invocation of the provisions of the "waiver of premium benefit" rider.

As the result of his mental condition, appellant's husband lost his job in December of 1985. Thereafter, neither he nor appellant made any premium payments to appellee. The insurance policy then lapsed for nonpayment of premiums in January of 1986 and no attempt was made to reinstate the policy. Appellant's husband died in May of 1986. In June of 1986, appellant submitted a "waiver of premium

benefit" claim form to appellee, asserting that her husband had suffered a "total disability" in December of 1985. Shortly thereafter, appellant also submitted a death benefit claim form to appellee.

Appellee denied appellant's death benefit claim. Appellant then filed this suit against appellee, seeking to recover the face amount of the policy's death benefit and damages pursuant to OCGA § 33-4-6. Appellee answered, denying the material allegations of appellant's complaint. After a period of discovery, appellee moved for summary judgment. The trial court granted appellee's motion. Appellant appeals from the trial court's order granting summary judgment in favor of appellee.

1. Appellant enumerates the grant of summary judgment in favor of appellee as error, urging that a genuine issue of material fact remains as to whether appellee is precluded from asserting that the nonpayment of premiums caused the life insurance policy to lapse in January of 1986.

Appellant relies upon the "waiver of premium benefit" rider as establishing that there was no obligation to pay the life insurance premiums to appellee during the period of her husband's "total disability." However, even assuming without deciding that the record would otherwise authorize a finding of appellant's satisfaction of the procedural requirements necessary to the invocation of the "waiver of premium benefit" rider, it is clear that the rider could have no substantive effect upon this case unless appellant's husband had suffered from a disability resulting from a disease "which first manifests itself after [its] effective date. . . ." It is undisputed that any disability which appellant's husband suffered in December of 1985 was solely the result of his mental condition, which mental condition had first manifested itself some six years *before* the effective date of the rider. The undisputed evidence shows that appellant's husband had suffered from and had received treatment for schizophrenia from 1977 until his death. In his application for the insurance policy, appellant's husband had himself also indicated that he had received treatment for a nervous breakdown in 1980. "[A] policy of insurance '. . . which, when construed reasonably and in its entirety, unambiguously and lawfully limits the insurer's liability cannot be extended beyond what is fairly within its plain terms.' [Cit.]" *Showers v. Allstate Ins. Co.,* 136 Ga. App. 792, 793 (222 SE2d 198) (1975). Accordingly, appellant has no substantive claim under the "waiver of premium benefit" rider to the policy. Therefore, she would have no defense against appellee's assertion of a lapse of the life insurance policy for nonpayment of premiums.

Appellant urges, however, the incontestability clause of the policy would preclude appellee from denying the applicability of the "waiver of premium benefit" rider. Appellant's contention is predicated upon

a misconstruction of the effect that an incontestable clause has upon those defenses which are available to a *life* insurer. "A clause in any policy of life insurance which provides that the policy shall be incontestable after a specified period shall preclude only a contest of the validity of the policy and shall not preclude the assertion at any time of defenses based upon provisions in the policy which exclude or restrict coverage, whether or not the restrictions or exclusions are excepted in the clause." OCGA § 33-25-7. In the case at bar, appellee does not contest the underlying validity of the policy but denies the existence of any valid claim for benefits thereunder. Appellee is merely asserting that appellant has no substantive claim under the terms of the "waiver of premium benefit" rider and that she would, therefore, have no defense to the assertion that the life insurance policy lapsed for nonpayment of premiums. Appellee was not "precluded by the incontestable clause in this [policy] from showing that [the disability of appellant's husband] was not covered within the terms and provisions of the policy because of restrictions and exclusions therein, although [it] would have been precluded from asserting as a defense the invalidity of the [policy] because of fraud in the procurement or any other ground affecting the validity of the [policy] as a whole. [Cits.]" *Ballinger v. C & S Bank of Tucker*, 139 Ga. App. 686, 688-689 (229 SE2d 498) (1976). See also *Hollis v. Travelers Ins. Co.*, 49 Ga. App. 274 (175 SE 33) (1934).

Since it is undisputed that appellant's husband did not suffer a "total disability" under the terms of the "waiver of benefit" rider, appellant was obligated to pay premiums to keep the life insurance policy in effect after her husband became disabled. Accordingly, the trial court correctly found that, under the undisputed evidence, the policy lapsed for nonpayment of premiums prior to the death of appellant's husband and that, as the result, appellee had no liability for the payment of a death benefit under the policy.

2. Appellant's remaining enumerations of error are moot as the result of our disposition of the case for the reasons discussed in Division 1.

3. The trial court correctly granted summary judgment in favor of appellee.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 15, 1988.

W. *Steven Harrell*, for appellant.
L. *Catharine Cox*, for appellee.