**COMMUNITY LIFE INSURANCE COMPANY, Appellant,**

v.

**RIS ADMINISTRATORS, INC., Appellee.**

[Cite as *Community Life Ins. Co. v. RIS Administrators, Inc.* (1989), 61 Ohio App.3d 742.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–731.

Decided March 21, 1989.

*Vorys, Sater, Seymour & Pease* and *Chris J. North,* for appellant.

*Resch & Root* and *F. David Resch,* for appellee.

---

PEGGY L. BRYANT, Judge.

Plaintiff-appellant, Community Life Insurance Company, appeals from a judgment of the Franklin County Common Pleas Court granting the summary judgment motion of defendant-appellee, RIS Administrators, Inc., and denying plaintiff's motion for summary judgment.

The facts supporting the parties' motions are largely undisputed. On or about October 16, 1984, plaintiff and defendant entered into an agreement whereby defendant agreed to perform administrative functions for plaintiff "pertaining to enrollment, eligibility, claims, billing, collection, document and form issuance, renewals, recordkeeping and reports * * * " relative to insurance coverage offered by plaintiff in conjunction with BCS Life Insurance Company. Further, defendant agreed as follows:

" * * * [T]o indemnify * * * [appellant] and hold it harmless against any and all loss, damage, and expense with respect to and arising out of this

Agreement resulting from or arising out of the negligent, fraudulent, or criminal acts of the Administrator's employees, directors, or agents acting alone or in collusion with others.   * * * "

The group policy in question was issued to cover the employees of Wendy's of Kokomo, Inc.   As alleged in plaintiff's complaint, and as admitted in defendant's answer, the policy limited enrollment to persons under the age of seventy, and provided that life insurance coverage terminates when an individual policyholder reaches age seventy.

The owner of the Wendy's franchise, Jack Paulk, applied for insurance, and in his application, correctly stated his age to be seventy-one.   In processing Paulk's application, defendant by error entered Paulk's birthdate in the computer as 1923 rather than 1913, hence, entering his age as sixty-one, not seventy-one.   Sometime thereafter, Paulk took his life, and his widow claimed $50,000 in life insurance benefits pursuant to the policy.

After researching Indiana law, plaintiff determined that Paulk's widow was entitled to the benefits under the policy and paid her $50,000 in benefits. Subsequently, plaintiff filed suit against defendant, contending that due to defendant's negligence, and pursuant to the indemnification clause of plaintiff's agreement with defendant, plaintiff was entitled to reimbursement from defendant.[1]

Plaintiff filed a motion for summary judgment against defendant.   Defendant not only responded to plaintiff's motion for summary judgment, but also filed a motion for summary judgment.   The trial court determined that plaintiff could not seek indemnification from defendant, as it had paid Paulk's claim without first reducing that claim to judgment.   Finding plaintiff a volunteer, the trial court held plaintiff was not entitled to reimbursement from defendant.   Accordingly, the trial court denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment.

Plaintiff appeals therefrom, setting forth two assignments of error:

"1.   Because Indiana law provides to the contrary, the trial court erred in holding that plaintiff-insurer was required to reduce to judgment its obligation to its insured in order to preserve its indemnification rights.

"2.   The trial court erred in overruling plaintiff-insurer's motion for summary judgment where defendant-indemnitor enrolled an ineligible life insurance applicant and collected premiums from him, thereby estopping plaintiff-insurer from denying coverage."

---

1.   BCS Life Insurance Company assigned to plaintiff all of its rights of recovery or reimbursement due from defendant.

■ In its first assignment of error, plaintiff contends that the trial court erred in determining that plaintiff was required to reduce to judgment its obligation to pay the Paulk claim in order to preserve its indemnification rights against defendant. We agree; plaintiff was not required to do so. Had plaintiff reduced to judgment its obligation on the Paulk claim, then the claim, once litigated, would not have been subject to relitigation in plaintiff's action for reimbursement against defendant, provided the procedural precautions were met. However, the fact that plaintiff's obligation was not reduced to judgment does not preclude plaintiff from seeking reimbursement from defendant. Rather, because the obligation has not yet been litigated, the validity of the obligation must be determined in the present lawsuit before plaintiff may obtain reimbursement from defendant.

In short, if in the present lawsuit plaintiff proves that it properly paid the Paulk claim, then plaintiff may seek reimbursement from defendant to the extent allowed by the terms of the agreement between them. On the other hand, if plaintiff fails to prove that it was obligated to pay the Paulk claim, then plaintiff was indeed a volunteer who is not entitled to reimbursement from defendant. Plaintiff's first assignment of error is sustained.

■ Plaintiff's second assignment of error raises, then, the critical issue before us: whether, under the circumstances present herein, plaintiff was obligated to pay the Paulk claim.

Generally, when an insurance company receives an application disclosing the facts concerning critical factors in the issuance of a policy, and nonetheless accepts the premium, it is bound to honor the contract of insurance even though the disclosed factors reveal that the policy should never have been issued and premiums should not have been accepted, unless it rejects the application before a claim is made under the policy. The documentary evidence attached to plaintiff's motion for summary judgment pursuant to Civ.R. 56 demonstrates that the policy at issue limited enrollment to those under the age of seventy; that defendant nonetheless accepted Paulk's application which accurately disclosed his age as seventy-one; that through defendant's error in transferring the application data into the computer, Paulk's age was recorded as sixty-one; and that premiums were accepted on Paulk's application.

Despite the foregoing, defendant contends that the cases relied upon by plaintiff are inapplicable, because they deal with individual policies which would be completely forfeited in the event the company refused to pay the asserted claim. By contrast, defendant contends that the group policy herein was issued not only for life insurance but also for other coverage as well; that the premiums were the same for anyone applying for coverage, regardless of

age; and that the refusal to pay life insurance benefits would not cause forfeiture of the entire policy, but only of the life insurance portion of the policy. Defendant bases its argument in part on its contention that the life insurance portion of the policy was the only one which excluded persons who had attained the age of seventy; that it was not a condition which rendered the policy in its entirety voidable.

We note, however, that defendant admitted in its answer to plaintiff's complaint that the age limitation for enrollment under the entire policy was seventy years of age, an age which Paulk exceeded at the time of his application. Accordingly, refusal to pay on the basis of Paulk's age would work a forfeiture of the entire policy. We have no evidence before us which supports defendant's contention to the contrary. Given the foregoing, defendant's reliance on *Rogers v. Metropolitan Life Ins. Co.* (1933), 265 Mich. 202, 251 N.W. 312, is misplaced. Therein, the court specifically noted that:

"There were benefits under the policy which were not contingent on the age limitation, so that if the clause is enforced, it will not render the policy void at its inception in which case there can be no forfeiture. An enforcement of the age limitation clause will leave a valid and binding contract for temporary health and death benefits." *Id.,* 265 Mich. at 205, 251 N.W. at 313.

Finding no forfeiture of the entire contract, the court determined that the benefits controlled by the age limitation were not recoverable despite disclosure of the applicant's accurate age on his application. Since the age limitation herein would work a forfeiture of the entire policy, *Rogers* is not persuasive herein.

Given the foregoing, plaintiff was obligated to pay the Paulk claim. Moreover, since neither of the parties disputes that defendant's negligence created the circumstances giving rise to the payment of the Paulk claim, plaintiff is entitled to reimbursement pursuant to the agreement between plaintiff and defendant. Plaintiff's second assignment of error is sustained.

Accordingly, the trial court should have entered judgment for plaintiff on its motion for summary judgment and denied defendant's motion for summary judgment. The judgment of the trial court is reversed, and this matter is remanded for entry of judgment in accordance herewith.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and REILLY, JJ., concur.