Steven L. SQUIRES, Plaintiff-Appellee,

v.

REPUBLIC INSURANCE COMPANY, Defendant-Appellant.

No. 76–1850.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 12, 1977.

Decided March 31, 1978.

Walter S. Clark, Jr., Nashville, Tenn., for defendant-appellant.

Shelburne Ferguson, Jr., B. C. McInturff, Kingsport, Tenn., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and CECIL, Senior Circuit Judge.

PHILLIPS, Chief Judge.

Appellee, Steven L. Squires, instituted this action in Tennessee state court for the breach by appellant Republic Insurance Company (hereinafter Republic) of an insurance contract and for bad faith in Republic's refusal to pay a claim resulting from a fire which destroyed a dwelling owned by appellee's corporation. Republic removed the action pursuant to 28 U.S.C. §§ 1332(a)(1), (c), 1441(a) and the case was

tried by the district court sitting without a jury.

Republic had insured appellee's dwelling prior to January 1972, when appellee sold the house to the Duran Corporation (in which he owned 90 percent of the stock) and entered into a twenty year lease of the premises. Appellee continued to live in the house until approximately August 1973 when he subleased the premises. In April 1974, Republic's agent issued a renewal policy insuring the dwelling for $42,000. Subject to the provisions of a mortgage clause attached to the policy, any loss on the dwelling was payable to Kingsport Federal Savings and Loan Association and Cumberland Capital Corporation, lenders located in Kingsport, Tennessee.

Following the destruction of the dwelling on August 21, 1974, Republic declined to pay the casualty loss because of its discovery that legal title to the insured premises was in the name of Duran Corporation rather than in the name of appellee. Although there was conflicting testimony whether appellee had notified Republic's agent of the change in ownership, the district court specifically found that appellee did not intentionally conceal such information. The district court further found that although Republic would have conducted an investigation if it had learned of the change in ownership, it was not harmed by the change because there was no increase in the risk of loss. On the basis of these findings and on the finding that Republic had refused in bad faith to pay for the loss, the district court awarded appellee the policy value of $42,000, plus pre-judgment interest, and a penalty of $2,500 pursuant to

T.C.A. § 56–1105 for Republic's bad faith dealings.

Republic raises four grounds for reversal, contending that: (1) the transfer of title to the dwelling without notice was a violation of the policy; (2) appellee willfully concealed notice of transfer of title to the property; (3) it was entitled to a set off against the judgment; and (4) there was no evidence to support a finding that it had refused in bad faith to pay the loss.

For the reasons set forth in the memorandum opinion of the district court, we find the first two contentions to be without merit. With respect to the third and fourth issues, we conclude that the district court erred in refusing to grant Republic a set off against the judgment and in imposing a bad faith penalty.

## I. Set off

Republic contends that it is entitled to a set off against the judgment of $7,637.56, representing the consideration paid for the assignment of a mortgage by Kingsport Federal Savings and Loan Association to Republic. Upon an examination of the record and of the arguments of counsel, we conclude that the district court erred in refusing to offset the amount of $7,637.56 against the judgment rendered against Republic.

## II. Statutory penalty

In order to justify a penalty under T.C.A. § 56–1105(A),[1] (1) the policy by its terms must have become due and payable; (2) there must have been a demand on the insurer for payment; (3) the insurer must have refused to pay the loss within 60 days;

1. T.C.A. § 56–1105 provides:

**56–1105. Additional liability upon insurers for failure to pay promptly insurance losses when refusal is not in good faith.**—A. The insurance companies of this state, and foreign insurance companies and other persons doing an insurance business in this state, in all cases when a loss occurs and they refuse to pay the same within sixty (60) days after a demand shall have been made by the holder of the policy on which said loss occurred, shall be liable to pay the holder of said policy, in addition to the loss and interest thereon, a sum not exceeding twenty-five per cent (25%) on the liability for said loss; provided, that it shall be made to appear to the court or jury trying the case that the refusal to pay said loss was not in good faith, and that such failure to pay inflicted additional expense, loss, or injury upon the holder of said policy; and, provided, further, that such additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury thus entailed.

and (4) such refusal must have been in bad faith. *See Third National Co. v. Thompson,* 28 Tenn.App. 436, 449, 191 S.W.2d 190, 195 (1945). *See also Tyber v. Great Central Insurance Co.,* 572 F.2d 562 (6th Cir. 1978); *Niagara Fire Insurance Co. v. Bryan & Hewgley, Inc.,* 195 F.2d 154 (6th Cir. 1952).

A review of the record establishes to our satisfaction that the imposition of the statutory penalty was not justified in this case. *See Phillips v. North River Insurance Co.,* 14 Tenn.App. 356 (1931).

The judgment is reversed by eliminating the statutory penalty and by granting appellant a set off of $7,637.56 against the judgment. In all other respects, the judgment of the district court is affirmed. No costs are taxed. Each party will bear his own costs on appeal.