Isidore **TYBER**, Plaintiff-Appellee,

v.

**GREAT CENTRAL INSURANCE COMPANY, Defendant-Appellant.**

**No. 76–1971.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 12, 1977.

Decided and Filed March 31, 1978.

Harry Weill, Weill, Ellis, Weems & Coperland, Chattanooga, Tenn., for defendant-appellant.

Harry Berke, Berke, Berke & Berke, Chattanooga, Tenn., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and WEICK, Circuit Judge, and CECIL, Senior Circuit Judge.

PHILLIPS, Chief Judge.

This is an action upon an actual cash value fire insurance policy issued by appellant Great Central Insurance Company (hereinafter Great Central) for appellee's store which was damaged by fire on April 20, 1975. Subsequently, Great Central received notice of the damage and offered to pay appellee $24,464.90. Appellee, however, refused to accept the tendered payment, claiming alternatively on various occasions that the loss was valued at $33,414, $32,623, or $28,000.

In October 1975, appellee commenced suit in state court, seeking $54,000 plus interest and a 25 percent statutory penalty under T.C.A. § 56–1105(A) which provides:

> **56–1105. Additional liability upon insurers for failure to pay promptly insurance losses when refusal is not in good faith.**—A. The insurance companies of this state, and foreign insurance companies and other persons doing an insurance business in this state, in all cases when a loss occurs and they refuse to pay the same within sixty (60) days after a demand shall have been made by the holder of the policy on which said loss occurred, shall be liable to pay the holder of said policy, in addition to the loss and interest thereon, a sum not exceeding twenty-five per cent (25%) on the liability for said loss; provided, that it shall be made to appear to the court or jury trying the case that the refusal to pay said loss was not in good faith, and that such failure to pay inflicted additional expense, loss, or injury upon the holder of said policy; and, provided, further, that such additional liability, within the limit prescribed, shall, in the. discretion of the court or jury trying the case, be measured by the additional expense, loss and injury thus entailed.

Great Central subsequently removed the action to the United States District Court for the Eastern District of Tennessee on the basis of diversity jurisdiction.

The case was tried before a jury in April 1976 and various witnesses testified about the cost of the damage to the building. The jury returned a verdict of $26,000 for compensatory damages, and a statutory penalty of $5,200 under T.C.A. § 56–1105. Great Central moved the court to grant a new trial or judgment notwithstanding the verdict with respect to the statutory penalty. The district court overruled this motion and also awarded appellee 6 percent interest on the judgment accruing from 60 days after the fire loss.[1]

Great Central raises two grounds for reversal, contending that: (1) there was insufficient evidence of bad faith to warrant imposition of a statutory penalty; and (2) the district court erred in assessing interest from 60 days after the loss occurred instead of from the time of judgment.

Upon consideration of the record and of the arguments of counsel, we conclude, as a matter of law, that the insured is not entitled to recover the penalty and reverse as to this issue. We also conclude that the district court erred in assessing interest from 60 days after the loss occurred instead of from the time of judgment.

---

1. The order of the district court filed May 17, 1976 allowed interest from 60 days after April 14, 1969, which was stated to be the date of the fire loss. Appellee concedes that the correct date of the fire loss was August 20, 1975.

## I. Statutory penalty

In order to justify a penalty under T.C.A. § 56–1105(A), (1) the policy by its terms must have become due and payable; (2) there must have been a demand on the insurer for payment; (3) the insurer must have refused to pay the loss within 60 days; and (4) such refusal must have been in bad faith. *See Third National Co. v. Thompson*, 28 Tenn.App. 436, 449, 191 S.W.2d 190, 195 (1945). *See also Squires v. Republic Insurance Co.*, 572 F.2d 560 (6th Cir. 1978); *Niagara Fire Insurance Co. v. Bryan & Hewgley, Inc.*, 195 F.2d 154 (6th Cir. 1952). A penalty is not appropriate when the insurer's refusal to pay rests on legitimate and substantial legal grounds, *Niagara Fire Insurance Co. v. Bryan & Hewgley, Inc.*, *supra*, 195 F.2d 154 (6th Cir. 1952); *Columbian National Life Insurance Co. v. Harrison*, 12 F.2d 986 (6th Cir. 1926); *Lee v. Insurance Co. of North America*, 397 F.Supp. 426, 429 (E.D.Tenn.1974); *American Insurance Co. v. Taylor*, 51 Tenn.App. 325, 336, 367 S.W.2d 300, 305 (1962); *Third National Bank v. American Equitable Insurance Co. of New York*, 27 Tenn.App. 249, 278, 178 S.W.2d 915, 927 (1943), or when the payment demanded is greater than the judgment ultimately recovered, *Atlas Insurance Co. v. Allen*, 2 Tenn.Civ.App. (2 Higgins) 479 (1912); *Kittrell v. German Fire Insurance Co.*, 1 Tenn.Civ.App. (1 Higgins) 253 (1910).

We conclude that the refusal of Great Central to pay appellee rested on legitimate and substantial legal grounds and that Great Central was not guilty of bad faith. Unquestionably, there were reasonable bases for controversy in determining the amount of the loss. Appellee on various occasions claimed losses in four different amounts, all in excess of the judgment ultimately recovered. Consequently, Great Central was entitled to contest the measure of damages, and, under such circumstances, the award of a penalty was in error. *Niagara Fire Insurance Co. v. Bryan & Hewgley, Inc.*, *supra*, 195 F.2d 154 (6th Cir. 1952); *Atlas Insurance Co. v. Allen*, *supra*, 2 Tenn.Civ.App. (2 Higgins) 479 (1912).

## II. Assessment of interest

In Tennessee, the granting of interest prior to judgment in cases not falling under T.C.A. § 47–14–107[2] is within the discretion of the trial judge. *Farmers Chemical Association v. Maryland Casualty Co.*, 421 F.2d 319, 323 (6th Cir. 1970); *Third National Bank v. American Equitable Insurance Co. of New York*, *supra*, 27 Tenn. App. 249, 178 S.W.2d 915 (1943). We conclude, however, that the allowance of interest prior to judgment would, as a matter of equity, be improper in the present case, particularly in light of the inconsistent positions taken by appellee with respect to the amount of the loss. *See Farmers Chemical Association v. Maryland Casualty Co.*, *supra*, 421 F.2d 319, 323 (6th Cir. 1970).

The judgment is reversed by eliminating the statutory penalty and by directing a computation of interest from the entry of judgment.

No costs are taxed. Each party will bear his own costs on this appeal. Reversed and remanded for further proceedings consistent with this opinion.

---

2. T.C.A. § 47–14–107 provides:

**47–14–107. Bonds, notes, bills of exchange, and liquidated and settled accounts bearing interest.**—All bonds, notes, bills of exchange, and liquidated and settled accounts, signed by the debtor, shall bear interest from the time they become due, unless it is expressed that interest is not to accrue until a specific time therein mentioned. [Code 1858, § 1945 (deriv. Acts 1835–1836, ch. 50 § 1); Shan., § 3494; mod. Code 1932, § 7305; T.C.A. (orig. ed.), § 47–1607.]