**James CLARK, et ux., Plaintiffs,**

v.

**AETNA CASUALTY AND SURETY COMPANY, Defendant.**

**Civ. A. No. 3:84–0922.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Dec. 12, 1984.

---

H. Stanley Allen, Nashville, Tenn., for plaintiffs.

Darrell G. Townsend, Nashville, Tenn., for defendant.

## MEMORANDUM

NEESE, Senior District Judge, Sitting by Designation and Assignment.

■ The defendant contends that, as a matter of law, the claim of the plaintiffs for the statutory bad-faith penalty, T.C.A. § 56-7-105, is barred because the attorney for the plaintiffs attempted on July 13, 1984 to revoke the proof-of-loss which his clients had submitted previously. The Court finds such argument unpersuasive.

■ In order to justify the bad-faith penalty, *inter alia*, there must have been a demand on the insurer for payment, and the insurer must have refused to pay the claimed loss within 60 days therefrom. *Squires v. Republic Insurance Company*, 572 F.2d 560, 561–562[2] (6th Cir.1978); *Tyber v. Great Central Insurance Company*, 572 F.2d 562, 456[1, 2] (6th Cir.1978). Here, as the defendant recognizes, the plaintiffs' proof-of-loss constituted such a demand, and such demand was rejected unqualifiedly by the defendant on July 29, 1984, which, it is noticed, was within 60 days of its submission.

The Court is not cited to, nor has it located, any authority holding that an insured may revoke retroactively a proof-of-loss after it has been acted upon by the insurer. At the time these plaintiffs attempted to revoke their proof-of-loss, their claim had been refused by the defendant and their right to sue under the policy had accrued. If the defendant acted in bad-faith in refusing such claim, the Court fails to see how any subsequent conduct of the plaintiffs could affect their right to sue for the bad-faith penalty.