McLain *v.* American Glanzstoff Corporation *et al.*

Opinion filed March 4, 1933.

Allen & Allen, for complainant.

R. C. Campbell, for defendants.

(1)

Mr. Chief Justice Green delivered the opinion of the Court.

This is a suit on an insurance policy, dismissed by the Chancellor, and the complainant has appealed.

The defendant John Hancock Mutual Life Insurance Company wrote a group insurance policy on the employees of defendant American Glanzstoff Corporation. The complainant was one of such employees, and the bill avers that he has become totally disabled.

A certificate was issued to the complainant showing that his life was insured for $1,100, payable to his wife. The certificate also provided that the insurance should become available to any employee who became totally disabled. Upon one page of the certificate issued to the complainant was a notice to employees, signed by the American Glanzstoff Corporation, containing the following:

"This certificate covers you for total and permanent disability as well as death if either occurs during the continuance of this insurance while you are in the employ of the American Glanzstoff and American Bemberg Corporations. However, after the age of sixty the total and permanent disability benefits do not apply."

The complainant herein was sixty-one years old when this certificate was issued to him. Obviously he was not within the protection of the total disability provisions of the policy. No fraud or misrepresentation is alleged, and the language quoted above, written into complainant's certificate, is about as plain as it could be made.

The complainant relies on a rule approved by this court in *Life & Casualty Insurance Co.* v. *King,* 137 Tenn., 685, 195 S. W., 585, 589. In that case it was said

"that where the insurer, at the time of the issuance of a policy of insurance, has knowledge of existing facts which, if insisted upon, would invalidate the contract from its very inception, such knowledge constitutes a waiver of conditions in the contract inconsistent with the known facts, and the insurer is estopped thereafter from asserting the breach of such conditions."

This rule has no application here.

If the policy had insured against total disability alone and the insurer knew that complainant was sixty-one years old at the time the contract was written, the insurer, under this rule, would be estopped to rely on a provision of the policy excepting from total disability benefits any insured over sixty years of age.

Here, however, the contract of insurance covers the life of the insured for the benefit of his wife, is a valid contract in that respect, not void from its inception. The contract merely excludes from its total disability benefits employees over sixty years of age.

The decree of the chancellor is affirmed.