EDWARD ZARZOUR et al., Plaintiffs in Error, v. SOUTHERN LIFE INSURANCE CO., Defendant in Error. —333 S. W. (2d) 14.

Eastern Section. December 4, 1959.

Certiorari Denied by Supreme Court March 11, 1960.

Harry Berke, Chattanooga, for plaintiffs in error.

Chambliss, Brown & Hodge, Chattanooga, for defendant in error.

McAMIS, P. J.   Edward and Mike Zarzour instituted this suit as beneficiaries under a certificate of life insurance issued by the defendant Southern Life Insurance Company upon the life of their father, Richard A. Zarzour.

The trial court directed a verdict for defendant on the ground that Richard A. Zarzour, at the time of the issuance of the group policy and the certificate thereunder, was more than 70 years of age and, for that reason, was excluded under the following policy provision:

> "Notwithstanding any provisions to the contrary in the Employers Group Policy and this certificate, all benefits on any insured hereunder, whether an employee or dependent wife or husband of an employee, upon attaining age 65 will automatically reduce to 50% of the benefits shown in Schedule of Insurance.  Upon attaining age 70, all benefits shall automatically terminate."

Plaintiffs have appealed from the judgment dismissing their suit insisting that the Company waived the above policy provision and is estopped to defend under it.   It

is also insisted that the above clause reducing benefits is contrary to the provisions of T. C. A. sec. 56-1112, Subsection 4, hereinafter copied in full. It should be stated at the outset that defendant does not claim that insured made any representation as to his age or, in any way, misled it and plaintiffs admit that insured was born in 1883, making him 73 on April 1, 1956, the date of the certificate. There is no dispute as to the facts which may be briefly stated.

The Tennessee Restaurant Association of which Richard A. Zarzour was a member for some years prior to the date of the certificate had carried a group policy on its members in Washington National Insurance Company, represented in Chattanooga by Ray. B. Slagle as agent or broker. The Washington policy had no age limit but the rates became so high that the Association negotiated through Mr. Slagle for a policy with a lower premium rate. As a result, Mr. Strain came to Chattanooga from the home office of defendant. Without taking an application from the members, none of whom were interviewed or contacted by Mr. Strain or Mr. Slagle, defendant issued the policy containing the age exclusion above quoted.

Before issuing the policy, Mr. Strain procured from Mr. Slagle's office the card index files of the members who were to receive certificates under the new policy which included unsigned applications under the old policy. Under "Date of Birth" the unsigned application for Richard A. Zarzour showed the following "7/6/01 1893 age 53".

As will be noticed, lines had been run through the year "01" which had been typed into the application.

The year 1893 was added with pen and ink. It is not insisted that the insured had anything to do with making this change.

Plaintiffs insist that defendant knew or should have known when the certificate was issued that Richard A. Zarzour was more than 70 years of age and thus should be held estopped under a line of cases holding:

■ "The law is charitable enough to assume, in the absence of any showing to the contrary, that an insurance company intends to execute a valid contract in return for the premium received; and when the policy contains a condition which renders it void at its inception, and this result is known to the insurer, it will be presumed to have intended to waive the condition, and to execute a binding contract, rather than to have deceived the insured into thinking his property is insured when it is not, and to have taken his money without consideration." Life & Casualty Insurance Co. v. King, 137 Tenn. 685, 195 S. W. 585, 589. Various applications of these principles are to be found in cases collated in Accident & Casualty Ins. Co. v. Lasater, 32 Tenn. App. 161, 166, 222 S. W. (2d) 202.

While none of these cases involved a life policy containing an exclusion clause based upon age, we hold that the same principle would apply if the insurer knew that, because of his age, the applicant would not get any insurance.

■ We can not say, however, that an insurer owes an affirmative duty to inquire whether the applicant falls within an excluded class. The applicant himself owes some duty, especially where, as in this case, the exclusion based upon age is plainly and clearly stated in the policy.

██ In this case there was nothing to bring home to the insurer the fact that the applicant was beyond the insurable age. Mr. Slagle, the broker, did testify that he had known Mr. Zarzour and plaintiffs, his sons, for several years and, considering the matter in retrospect, if he had thought about it he would have considered him over age but that under the Washington Insurance Company's policy age was not material and that he gave Mr. Strain the information from his files on all members of the Association without thinking about Mr. Zarzour's age. This, in our opinion, was insufficient to charge defendant with knowledge that he was over 70 years of age.

██ "Where there is no application and no knowledge on the part of the insurer of the existence of things which the policy declares shall render it void * * * and the insured accepts the policy * * * he is bound by its conditions though he made no representation." Appleman on Insurance, Section 9143.

In McLain v. American Glanzstoff Corporation, 166 Tenn. 1, 57 S. W. (2d) 554, the certificate issued under a group policy provided: "However, after the age of sixty the total and permanent disability benefits do not apply." In denying recovery by a certificate holder who was over sixty when the certificate was issued, the Court said:

"The complainant herein was 61 years old when this certificate was issued to him. Obviously he was not within the protection of the total [and permanent] disability provisions of the policy. No fraud or misrepresentation is alleged, and the language quoted above, written into complainant's certificate, is about as plain as it could be made."

After quoting the rule of Life & Casualty Insurance Co. v. King, supra, the Court said:

"This rule has no application here.

"If the policy had insured against total disability alone and the insurer knew that complainant was 61 years old at the time the contract was written, the insurer, under this rule, would be estopped to rely on a provision of the policy excepting from total disability benefits any insured over 60 years of age."

For general discussion of the question, see 29 Am. Jur. 454 and authorities cited under footnote 13.

Among the prohibited policy provisions under T. C. A. sec. 56-1112 is that relied upon by plaintiffs providing as follows:

"Settlement at Maturity of Less than Value of the Policy. A provision for any mode of settlement at maturity of less value than the amount insured by the policy, plus dividend additions, if any less any indebtedness to the company on the policy and less any premium that may by the terms of the policy be deducted, payments to be made in accordance with the terms of the policy."

In Provident Life & Accident Ins. Co. v. Rimmer, 157 Tenn. 597, 603, 12 S. W. (2d) 365, 368, this Section was held to forbid the issuance of a policy "making the settlement of life insurance dependent upon extrinsic facts" and that in event of two policies on a single life a prorating clause could not operate to cut down the amount of life insurance provided by the policy. The Court there said:

"It is required that the policy constitute the entire contract * * * and the act forbids any provision authorizing a settlement of the insurance for less than the amount insured by the policy."

In our opinion the policy here in suit does not authorize a "mode of settlement at maturity of less value than the amount insured by the policy". We do not believe it was the intention of the Act to forbid a policy provision relating the amount due to the age at which the death benefits become payable. Usually the age of the insured can be ascertained by looking at the application. If there is no application the age of the insured is usually either admitted or easily established. Such provisions serve to materially reduce the premiums and in some cases would be desirable as furnishing greater protection when most needed by the insured, diminishing as the need diminishes. The clause here under attack does not provide a mode of settlement as that term is generally understood. It merely relates the amount of the benefits to the age of the insured. In the absence of clearer language we would not feel justified in construing the Act as placing a limitation upon the right to contract of such dubious advantage to policyholders.

Affirmed at the cost of plaintiffs in error.

Hale and Howard, JJ., concur.