DANIEL C. HALE, JR., Executor of the Estate of Daniel C. Hale, Sr., Appellant,

*v.*

AMERICAN HOME ASSURANCE COMPANY CORPORATION and Tips General Agency, Inc., Appellees.

461 S.W.2d 384.

(*Knoxville,* September Term, 1970.)

Opinion filed November 16, 1970.

MARVIN BERKE, Chattanooga, for appellant.

NOONE, STRINGER & BOWLES and BISHOP, THOMAS, LEITNER, MANN & MILBURN, Chattanooga, for appellees.

MR. JUSTICE CRESON delivered the opinion of the Court.

This is an appeal from the Chancery Court of Hamilton County, Tennessee.

In the course of this opinion the parties will be referred to as follows: Appellant, Daniel C. Hale, Jr., as complainant; appellees, American Home Assurance Company and Tips General Agency, as defendants.

The deceased herein, Daniel C. Hale, Sr., prior to his death on January 13, 1969, was employed in a grocery store in Jasper, Tennessee, owned and operated by his son, Daniel C. Hale, Jr., the complainant. Formerly, the deceased and complainant were co-owners of this grocery business, but deceased subsequently sold his interest to

complainant and continued to work in the store as an employee.

Complainant, as owner of the grocery store, was a member of a food cooperative known as Dixie Savings Stores, Inc. As a member, he and his employees were entitled to participate in an accidental death group life insurance policy plan secured originally by National Retail-Owned Grocers, Inc. The deceased herein had been a certificate-holder in this insurance plan for many years. The group policy was originally written by the American Casualty Company. This policy did not contain any provision terminating benefits when the employee-certificate holder attained a specified age.

In 1966 defendant Tips General Agency was the agent for the American Casualty Company, for the purpose of soliciting group insurance plans. American Casualty Company continued to write the group policy in question.

Then, on July 31, 1967, the bill avers that without notification to Dixie Savings Stores, Inc., or to the deceased, defendant Tips changed companies and secured the group accidental death benefit life insurance plan herein, with co-defendant American Home Assurance Company. The bill further avers that defendant Tips did not inquire into the age of deceased, nor make any announcement of a policy change, but that the premium remained constant.

American Home Assurance Company issued the Master Policy to Dixie Savings Stores, Inc., and a certificate of coverage to Daniel C. Hale, Sr., effective August 1, 1967. At this time deceased was 69 years old. The certificate issued to deceased contained an age termination clause which read:

"The insurance of any Insured Person shall immediately terminate on the earliest of the following dates:

\* \* \* (c) on the premium due date next following the date the Insured Person reaches 70 years of age; \* \* \*."

On November 3, 1967, deceased became 70 years old. On July 31, 1968, American Home Assurance Company issued to deceased a renewal certificate effective August 1, 1968. On January 13, 1969, deceased was drowned in a boating accident, at the age of 71. American Home Assurance Company refused to pay the accidental death benefit of $50,000.00.

Complainant, Daniel C. Hale, Jr., as executor of deceased, brought this action against American Home Assurance Company, averring that it is primarily liable on the policy because it is bound by the acts of its agent, Tips General Agency, "in purporting to renew the existing policy and, in fact, not notifying the insured that the coverage in the renewal policy would be different than the coverage which they previously carried on their insured." Complainant sued Tips General Agency, as co-defendant, averring that if American Home Assurance Company is not liable, then Tips would be for the same reasons stated.

Complainant further averred that deceased had never seen the policy sued on herein, because he, complainant, had kept all the "policies" in his possession; and had paid the premium from his own funds "on all key employees of his grocery store as a 'fringe benefit' to them."

Defendant Tips demurred, alleging that complainant's bill did not show any facts that would create a fiduciary relationship between it and deceased; that complainant's bill was multifarious because it sought to join Tips and American Home Assurance Company in an action on contract, to which Tips was not a party, and not a party to any contract with deceased; that complainant is guilty of unclean hands because he kept deceased's certificate in his possession, therefore, complainant is charged with knowledge of the termination provision in the certificate. Finally, Tips demurred to the 25% (per cent) penalty, set out in T.C.A. sec. 56-1105, sought by the complainant as a penalty for not paying an insured loss promptly.

Defendant American Home Assurance Company demurred on the ground that complainant as employer of Daniel C. Hale, Sr., was the agent for deceased; that complainant had no cause of action against this defendant because by the terms of the certificate itself (attached to the bill as an exhibit) the policy "was not in force or effect" at the time of deceased's death; and finally, on an amended demurrer, that this defendant was required to deal only with decedent's employer, because the insurance contract was only between the employer and American Home Assurance Company.

Complainant filed an amendment to its bill, praying that the policy in issue be "reformed to conform with the prior policies issued prior to August 1, 1967."

Chancellor M. B. Finkelstein found defendants' demurrers to be good and sufficient and dismissed complainant's bill, on the authority of an unreported case of the

Court of Appeals, *Marie L. Jones v. Massachusetts Mutual Life Insurance Company*. The Chancellor held:

"The failure of the insured to see and understand the provisions of his policy is not a defense. The knowledge on the point of the employer must be imputed to the employee."

Complainant's assignments of error are to the effect that the Court erred in sustaining the demurrers of both defendants herein.

Complainant argues primarily that defendant Tips, acting as agent for American Home Assurance Company, bound that company by its acts; that defendant Tips had the duty to notify the deceased-insured, Daniel C. Hale, Sr., of a change in the Company or of a change in policy coverage because defendant Tips had knowledge of the policy provisions; that defendant Tips had knowledge or should be charged with knowledge of deceased's age at the time the renewal certificate was issued; that this knowledge was imputed to its principal, defendant American Home Assurance Company, so that when defendant American Home issued the renewal certificate it waived the age termination provision and is now estopped to rely upon that provision as precluding its liability on the policy. Finally, complainant argues that as deceased's employer, he, complainant, had no duty to read the renewal policy, and is not responsible for its contents.

As highly pertinent to consideration of such insistences, it is well to note the nature and purpose of group insurance and the status of the parties thereto. The Courts are virtually unanimous in the view as to where the authority to select the type and the terms of the coverage lies. That is, that such authority rests wholly between

the insurer and the employer as the primary insured to select its terms and alter same. See 44 Am.Jur.2d, p. 801, et seq. (Ins. secs. 1868, 1870). See the prior opinion of this Court in *Davis v. Metropolitan Insurance Co.* (1930), 161 Tenn. 655, 32 S.W.2d 1034.

And, also, in such cases as the present one, the employer is not the agent of the insurer, but that of the employee. 44 Am.Jur.2d, p. 811 (Ins. sec. 1877).

Complainant does not allege that neither he nor Dixie Savings Stores, Inc. had any knowledge of the policy's provisions. Rather, much of the argument is directed to the subject of the failure of the employee-beneficiary to examine and understand the provisions of his policy and/or the certificate as somehow entitling the estate of Daniel C. Hale, Sr. to recover. Under the Tennessee decisions this argument is wholly unsound. *McLain v. American Glanzstoff Corporation* (1933), 166 Tenn. 1, 57 S.W.2d 554; *Zarzour v. Southern Life Insurance Co.* (1959), 46 Tenn. App. 680, 333 S.W.2d 14; *DeFord v. National Life and Accident Ins. Co.* (1945), 182 Tenn. 255, 185 S.W.2d 617; 44 Am.Jur.2d, 807 (Ins. sec. 1873).

We are of opinion that the Chancellor was correct in his conclusion and we affirm. Costs in this cause are assessed against the appellant.

DYER, CHIEF JUSTICE, and CHATTIN, HUMPHREYS and McCANLESS, JUSTICES, concur.

## ON PETITION TO REHEAR

This is an opinion on petition to rehear. Appellant, Daniel C. Hale, Jr., has filed a petition to rehear in this cause. Appellant's argument has been read and con-

sidered. It appears. that appellant is confusing lack of notification, averred in his bill, with lack of knowledge. This is erroneous because these two terms are in no way synonymous. Where an employer is charged with knowledge of the provisions of the group policy, as here, lack of notification is of no consequence.

This Court is of opinion that it has not overlooked any material allegation in the original bill and that its decision is not in error.

The petition to rehear is denied.

DYER, CHIEF JUSTICE, and CHATTIN, HUMPHREYS and MCCANLESS, JUSTICES, concur.