John A. LEE, Plaintiff and defendant-by-counterclaim,

v.

INSURANCE COMPANY OF NORTH AMERICA, Defendant and plaintiff-by-counterclaim.

Civ. A. No. 3135.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 30, 1974.

Tom H. Rogan, Rogersville, Tenn., and Tyree B. Harris, Nashville, Tenn., for plaintiff.

William Thomas McHugh, and Thomas V. White, Nashville, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is an action for money damages arising from an alleged breach of a contract of insurance. 28 U.S.C. §§ 1332(a)(1), (c). It was submitted to the Court for adjudication upon a stipulation of facts of April 17, 1974. Each

party submitted briefs, supplemental briefs, and proposed findings of fact and conclusions of law.

In February, 1970, the plaintiff Mr. Lee, as an employee of Kingsport Press, Inc., a subsidiary of Arcata National Corporation, was issued a certificate of insurance, evidencing his participation in Arcata's group master policy for coverage in the amount of $100,000. The master policy, held by Arcata, exhibit "A" herein, covered only accidental death and dismemberment coverage. However, the certificate of insurance, held by Mr. Lee, exhibit "D" herein, provided coverage for accidental death and dismemberment and in addition provided coverage for permanent and total disability.

On October 28, 1971, Mr. Lee was involved in an automobile accident, which rendered him totally and permanently disabled. Mr. Lee paid all premiums required of him through payroll deductions of $7.25 per month, (which would have been $7.75 per month for the additional disability coverage). Shortly after Mr. Lee's first inquiry to the defendant company, the latter discovered for the first time that the foregoing disability coverage was included in every certificate of insurance issued to Arcata's employees. The defendant company denies liability thereunder and by counterclaim prays that the aforementioned certificate of insurance be reformed or rescinded.

■ The defendant company contends that the following provision of the policy prohibits the plaintiff Mr. Lee from relying on the disability coverage of the certificate:

> " *   *   * *Clerical Error:* Clerical error by the Organization shall not invalidate insurance which would otherwise have been effective nor extend insurance which would otherwise have terminated under the terms and provisions of the Policy. *   *   * "

The defendant's reliance on the foregoing provision is misplaced. Throughout the provisions of the policy, Arcata is referred to as the "Organization" and the defendant is referred to as the "Company." The error that is in controversy herein is the "Company's" error in issuing the erroneous certificate. There is no error, clerical or otherwise, alleged to have been committed by the "Organization."

■ The defendant's contention that Mr. Lee failed to read the certificate and, therefore, cannot rely on its provisions, is likewise erroneous. " *   *   * 'Courts in most jurisdictions take judicial notice of the fact that it is customary for insureds to accept policies and keep them without reading them. [Citations omitted.]' *   *   * " *Henry v. Southern Fire & Casualty Company* (1958), 46 Tenn.App. 335, 330 S.W.2d 18, 32[6]. The Court held in *Henry, supra,* that the insured's failure to read the provisions of his policy did not preclude recovery thereon. *Ibid.* at [5].

■ The defendant also contends that the original policy between itself and Arcata is the entire contract; that the certificate expressly states that Mr. Lee was insured under the subject to the limitations in such policy; and further that the provisions of the certificate must yield to the provisions of the master policy. Contrary to such contentions, however, it was stated in *Smithart v. John Hancock Mut. Life Ins. Co.,* (1934), 167 Tenn. 513, 71 S.W.2d 1059, 1064[12, 13]: " *   *   * [I]n contracts of group insurance the insurer and the employer are the original or directly contracting parties, and *   *   * the rights of the insured employees are incidental to the primary contract so entered into. But when, as here, the insurer issues its certificates to the employees and the latter contribute a portion of the premium paid by the employer, there arises a definite contractual relation between the insured employees and the insurer, and the certificates become integral parts of the insurance contract. The group policy and the certificate are to be construed and enforced together. *   *   * " *Accord: Baugh v. Metropolitan Life Ins. Co.* (1938), 173

Tenn. 352, 117 S.W.2d 742, 743[1]. In 13 Appleman, Insurance Law and Practice 284 § 7528 (1974 pocket part), *Parks v. Prudential Ins. Co. of America*, D.C.Tenn. (1951), 103 F.Supp. 493 is cited for the following proposition: " * * * [I]f there is a conflict between the terms of the certificate and the master policy * * * the certificate will control * * *."

*Parks, supra,* involved a factual situation similar to the present one in that: the employee contributed to pay a portion of the premium for insurance covering both disability and life benefits; the primary contracting parties were the insurance company and the employer; and the policy stated that the certificates, which were issued to the employees, would reflect the principal coverage thereof. The employer and the insurer agreed to terminate the disability coverage and did so without any notice to the employee, who subsequently became disabled. Although the employee at that time was contributing to premiums which were based only on life benefits, the Court allowed recovery for disability benefits, based on the provisions of the certificate. " * * * Where the certificate is a part of the group policy contract, in case of a conflict between them the terms of the certificate will control as between the employee and insurer. * * *" *Ibid.,* at 497[5].

■ The defendant also contends that Arcata was the agent for Mr. Lee, and that knowledge by Arcata of the limitations of the insurance coverage must be imputed to the plaintiff. It relies principally upon *Hale v. American Home Assurance Corp.* (1970), 224 Tenn. 650, 461 S.W.2d 384, which is inapposite to the situation herein. Therein all premiums were paid by the employer as a "fringe benefit", and therefore, the certificate of insurance did *not* become an integral part of the master insurance contract under the foregoing Tennessee cases. The Court merely held that the employer was the agent of the employee in that factual situation.

■ Finally, the defendant insurer contends that the plaintiff Mr. Lee did not comport with the contractual provisions pertaining to time limitations for providing notice of a claim and proofs of loss. Both the policy and certificate provide in pertinent part:

* * * * * *

*Notice of Claim:* Written notice of claim must be given to the Company within twenty days after the occurrence or commencement of any loss covered by the Policy, or as soon thereafter as is reasonably possible. Notice given by or on behalf of the claimant to the Company at Philadelphia, Pennsylvania, or to any authorized agent of the Company, with information sufficient to identify the Insured, shall be deemed notice to the Company.

* * * * * *

*Proofs of Loss:* Written proof of loss must be furnished to the Company within ninety days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity of the Insured, later than one year from the time proof is otherwise required.

* * * * * *

The certificate provides in pertinent part:

* * * * * *

*Coverage B—Permanent Total Disability* * * *: After one year of "continuous total disability", and if the Insured is then "permanently and totally disabled" the Company will pay a Permanent Total Disability Benefit equal to the difference between the Principal Sum and any payments made under Coverage A on account of such injuries.

"Continuous total disability" which must result from such injuries and commence within 180 days after the

date of accident, means the Insured's complete inability during the first year thereof to perform every duty of his occupation.

"Continuous total disability" which must result from such injuries and commence within 180 days after the date of accident, means the Insured's complete inability during the first year thereof to perform every duty of his occupation.

"Permanently and totally disabled" means the Insured's complete inability, after one year of continuous total disability as defined above, to engage in an occupation or employment for which the Insured is fitted by reason of education, training or experience for the remainder of his life.

\*   \*   \*   \*   \*   \*

Stipulation no. 15 herein provides in pertinent part: " \* \* \* That shortly [after October 28, 1972] John A. Lee contacted Mr. K. Y. Umberger requesting forms to fill out to recover his disability benefits as provided by his certificate of insurance issued by [the defendant] and upon being told by Mr. Umberger that he did not have such forms, Mr. Lee requested these froms [sic: forms] from [the defendant]. \* \* \* " Stipulation no. 16 provides in pertinent part: " \* \* \* John A. Lee's disability commenced October 28, 1971; first notice of claim was given by Lee to [the defendant] by letter dated January 10, 1973, and the written proof of loss was submitted by Lee to [the defendant] on May 3, 1973. \* \* \* "

It can readily be seen from the foregoing facts that Mr. Lee did not have any claim or loss until at least October 28, 1972, i. e. one year after the onset of disability. By initiating his efforts to file his claim "shortly thereafter", it cannot be found that he did not do so within a reasonable time. " \* \* \* Ordinarily provisions for the making and filing of proofs of loss, compliance with which is made a condition

precedent to a right of recovery \* \* \*, are liberally construed in favor of the insured so as to avoid technical forfeitures. \* \* \* " *Smithart v. John Hancock Mut. Life Ins. Co., supra,* 71 S.W.2d at 1062[5].

The plaintiff Mr. Lee contends that he is entitled also to the penalty for refusal of the defendant in bad faith to pay his claim. T.C.A. 56–1105. " \* \* \* A full consideration of the situation between the parties as reflected by the proof indicates a legitimate controversy whereby there was not a refusal to pay said loss which was not in good faith and, therefore, no right to penalty is set up. \* \* \* " *Parks v. Prudential Ins. Co. of America, supra,* 103 F.Supp. at 497[6].

For the foregoing reasons, it is the decision of this Court that the plaintiff Mr. John Lee recover of the defendant Insurance Company of North America the sum of one hundred thousand dollars ($100,000)\* and his cost of this action, and that the Insurance Company of North America hereby is denied all relief on its counterclaim. Rule 58(1), Federal Rules of Civil Procedure.

---

\* The defendant will be credited against this judgment with 25 cents per month for each

month for which the plaintiff paid the lesser premium, *supra.*