Betty WHITE and Tommy White,
Plaintiffs-Appellees,

v.

PROVIDENT LIFE & ACCIDENT
INSURANCE COMPANY,
Defendant-Appellant.

Court of Appeals of Tennessee,
Western Section, at Nashville.

Jan. 10, 1983.

Rehearing Denied Feb. 24, 1983.

Petition to Reconsider Denied
Feb. 24, 1983.

Application for Permission to Appeal
Denied by Supreme Court
April 25, 1983.

Thomas E. Schoenheit, Nashville, for defendant-appellant.

Robert L. Taylor and Jerry W. Taylor, Nashville, for plaintiffs-appellees.

NEARN, Presiding Judge, Western Section.

This suit was brought by Tommy White and his wife, Betty, as plaintiffs against Provident Life & Accident Insurance Company for benefits allegedly due under a group insurance policy issued by the defendant, Provident, to Tommy White's employer, Lee Refrigeration Company. The Trial Judge entered a judgment in favor of Tommy White only. At the outset we state that the record fails to indicate any right in Betty White to sue Provident and, in fact, it appears that the suit was tried as one by Tommy White only against Provident. However, the record offers no explanation either for the inclusion of Betty White as a plaintiff or her exclusion from the benefits of the judgment. Accordingly, we will treat this matter as being only between Tommy White and Provident.

On September 18, 1979, Richard Cox, the step-son of Tommy White, had his appendix removed. Richard Cox would ordinarily qualify as a dependent of Tommy White

under the terms of the policy. White made a claim for benefits under the terms of the policy. Provident denied coverage on the grounds that Tommy White was not an employee of Lee Refrigeration Company at the time of the loss. This suit was filed and most of the facts, such as dates, and the amount due White if coverage was afforded, were stipulated by the parties. The Trial Judge found that White was not insured by Provident at the time of his stepson's illness "but that plaintiff is entitled to recover one-half the amount defendant would have paid under its policy on the theory of negligent breach of contract in that Lee Refrigeration Company, as the agent of defendant, did not handle plaintiffs' claim in a timely manner so as to allow defendant to deny the claim during the conversion privilege period."

Accordingly, the Trial Judge entered judgment against Provident for one-half the amount that would have been due under the policy or $1,151.24.

Provident appeals and insists that the Trial Judge erred in giving judgment against them in any amount. While, as found by the Trial Judge, White was not covered under the policy, Lee Refrigeration Company was not the agent of Provident and consequently the insuror is not in any manner liable.

On appeal, White insists he was covered under the temporary lay-off provisions of the policy and requests that we enter judgment for the full amount due.

It is stipulated that White ceased working for Lee Refrigeration Company on September 14, 1979, and that Richard Cox, the defendant step-son of White, entered the hospital on September 18, 1979. Coverage for a dependent is conditioned upon employee coverage.

The policy provides that the insurance benefits will:

terminate *as of the earliest date* determined in accordance with the following provisions:

(f) the date the Employee's active employment with the Group Policyholder is terminated, except that Employees may be considered as remaining in active employment for purposes of insurance under this policy

(1) during temporary lay-off or leave of absence . . .

(2) during disability due to bodily injuries, sickness, pregnancy or disease. . . .

(emphasis ours)

■ Under Rule 13(d) Tennessee Rules of Appellate Procedure, we accept this appeal with a presumption of correctness of the findings below. In finding that the policy afforded no coverage to White, of necessity, the Trial Judge must have found that White was terminated on September 14, 1979, and that the temporary lay-off provisions of the policy would not apply. The issue of whether White was terminated or temporarily laid off was somewhat disputed. White never testified that it was his understanding that he was laid off temporarily and expected to return to his old job. After examining the record we cannot say the evidence preponderates against the finding of the Trial Judge on that issue.

■ Having affirmed the finding of the Trial Judge on the date of termination, i.e., September 14, 1979, it must follow under the verbiage of the policy that White and his dependents ceased to be covered under the policy on that date. This the Trial Judge concluded; but, in addition found that Lee Refrigeration Company was the agent of Provident and as agent mishandled White's claim causing loss to White. This additional finding of the Trial Judge is the basis of the Trial Court's judgment.

■ The rule in this state is that in group insurance policy matters the employer is not the agent of the insurance company when performing the various acts required of the employer under the policy. *Hale v. American Home Assurance Co. Corp.,* (1970) 224 Tenn. 650, 461 S.W.2d 384; *Tibbs v. Equitable Life Assurance Society of United States,* (1942 Tenn.App.M.S.) 172 S.W.2d 539; *American National v. Jackson,* (1930 M.S.) 12 Tenn.App. 305. In *Nidiffer*

*v. Clinchfield R.R.,* (1980 Tenn.App.E.S.) 600 S.W.2d 242, the following statement contained in 44 Am.Jur.2d § 1877 at 811 was cited with approval:

> Employers, in doing the various acts required to make effective a policy of group insurance covering employees, such as obtaining the employees' applications, taking payroll deduction orders, reporting changes in the insured group, paying premiums, etc., act for themselves and their employees and not as agents of the insurer; . . .

In *American National v. Jackson, supra,* it was held that where a premium is sent by the employer to the insurer and accepted "through inadvertence and without knowledge that the insured employee had ceased employment, does not extend the insurance in force" and if an employee was not an employee at the time of the loss "the failure of the employer to notify the Insurance Company, or the employer's attempted waiver, does not bind the Insurance Company."

This being true, we do not perceive how logic would permit us to hold that in the filing of claims, the employer is the agent of the insurer. If so, it would place the duty upon the insurer through its agents to see that claimants file claims against itself and consequently there could be no such thing as a late filed or improper claim if the insurer is required to file it.

Since Lee Refrigeration is not the agent of Provident in this instance it results that Provident cannot be vicariously liable for any alleged misconduct of Lee Refrigeration Company. Any recourse that White might have for Lee's alleged errors or negligence would be against Lee Refrigeration Company and Lee is not a party to the action.

Appellee also argues that the policy provides a thirty-one day "grace period" during which the employee would be covered. The policy does contain a grace period, but it is a grace period provided for the employer to pay the premium and does not purport to extend employee coverage after termination of employment.

The result is that the judgment below is reversed and the case dismissed with costs below and of appeal adjudged against appellee.

Done at Nashville in the two hundred and seventh year of our Independence and in the one hundred and eighty-seventh year of our Statehood.

TOMLIN and HIGHERS, JJ., concur.