ESTATE OF Glenn Thomas SAFFLES, Maggie Louise Saffles, Individually and as Administratrix of the Estate of Glenn Thomas Saffles, and Ronald Saffles, Appellees,

v.

RELIANCE UNIVERSAL, INC. and Hermitage Concrete Pipe, Inc., Appellants.

Court of Appeals of Tennessee, Eastern Section.

May 31, 1985.

Certiorari Denied by Supreme Court Aug. 19, 1985.

Francis A. Cain, Lee & Layman, Knoxville, for appellants.

David A. Burkhalter, II, Knoxville, for appellees.

## OPINION

PARROTT, Presiding Judge.

In this circuit court action Circuit Judge T. Edward Cole, sitting without a jury, dismissed the case as to Commonwealth Insurance Company but entered judgment in the amount of $28,000 in favor of Maggie Louise Saffles, Administratrix of the Estate of Glenn Thomas Saffles, against Reliance Universal, Inc. and Hermitage Concrete Pipe, Inc.

The grounds for the judgment are that the defendants breached a duty to Glenn Saffles in failing to advise him that he had a right to convert a group life insurance policy to an individual policy upon a change in his employment and also breached a company policy to keep the insurance coverage in force when an employee becomes totally disabled.

Glenn Saffles became employed by Reliance Universal, Inc. and Hermitage Concrete Pipe, Inc. on October 2, 1972, as an hourly employee. On January 1, 1973, he became salaried employee and was insured under a group policy issued by Commonwealth Insurance Company and administered by his employer. The company paid premiums on $14,000 and Saffles paid premiums on an additional $14,000, making a total coverage of $28,000. The policy provided that upon termination of an employ-

ee, conversion of the policy to an individual policy could be had within 31 days of termination. The policy does not have a provision for the waiver of premiums for disability but it was the policy of the employer to keep the insurance in force without charge to the employee upon total disability. For some unexplained reason, on May 14, 1978, Saffles was changed from a salaried employee to an hourly employee. Thus he was entitled to benefits under a policy which was written by Appalachian National Life Insurance Company in the amount of $3,000. Never was he advised by his employer that he could convert the $28,000 Commonwealth policy to an individual policy. It appears that the employer did not know that such conversion rights were even available.

On June 4, 1978, Saffles suffered a heart attack and became totally disabled until he died on September 4, 1978. The proof shows that Saffles' daughter and son made inquiry of the employer whether there was any coverage or insurance benefits available. Even after this inquiry the Saffles were never told that they had a right of conversion to an individual policy. Also the clerks and supervisors of the employers had full knowledge of Saffles' total disability but never reported it to the home office so there would be a continuation of coverage.

Appellants in this appeal argue that they had no duty to inform Mr. and Mrs. Saffles of conversion privileges; that the Saffles were contributorily negligent in their failure to convert the policy; that if the defendant did owe a duty, such should be limited to the option insurance purchased by Mr. Saffles, namely $14,000; and that the trial court erred in awarding prejudgment interest from the date of Mr. Saffles' death until the entry of judgment. We find appellants' insistences to be without merit and affirm the judgment as entered.

It is strongly argued that neither the common law nor our statute imposes a liability upon employers for failure to inform the employee of his conversion right to the employee's group policy. Appellants argue that T.C.A. § 56–7–601(c) provides that an employee is entitled to convert a group policy to an individual policy if he is not notified of the right 15 days prior to the expiration date of such period, and then an employee is allowed an additional period of up to 60 days next after the expiration date of the period provided in such policy; and that the statute expressly states that "nothing herein contained shall be construed to continue any insurance beyond the period provided in such policy." The statute goes on to say:

This additional period shall expire fifteen (15) days next after the individual is given such notice but in no event shall such additional period extend beyond sixty (60) days next after the expiration date of the period provided in such policy. Written notice presented to the individual or mailed by the policyholder to the last known address of the individual or mailed by the insurer to the last known address of the individual as furnished by the policyholder shall constitute notice for the purpose of this subsection.

We find that this statute does not do away with the common law duty imposed on the employer to notify and advise the employee of the conversion right. It is pointed out that there are no Tennessee cases on point but there are numerous cases in other jurisdictions. Some of these cases are controlled by statute, others by the common law. Some hold the employer liable, others find no liability on the part of the employer. We do have Tennessee cases holding that an employer providing group life insurance to his employees owes a duty of reasonable care to his employees. See *Nidiffer v. Clinchfield Railroad Company*, 600 S.W.2d 242 (Tenn.App.1980), and *White v. Provident Life Insurance Company*, 650 S.W.2d 41 (Tenn.App.1983). We believe that the majority of the jurisdictions have held the employer liable for failure to notify the employee of conversion. *McGinnis v. Bankers Life Co., Des Moines, Iowa*, 39 A.D.2d 393, 334 N.Y.S.2d 270 (1972). The *McGinnis* case is very similar to this case. In fact it is probably

closest in point. In that case the court held that the employer breached his duty to the employee by failing to tell him of the conversion privileges thereby causing a loss to the beneficiary of the terminated policy. The court stated as follows:

> The duty of the employer to give the notice in question is but part of an employer's duty of good faith and due care in attending to the policy and the employer should make clear to the employee anything required of him to keep the policy in effect.... The majority of jurisdictions are in accord with our view (*Walker v. Occidental Life Ins. Co.*, 67 Cal.2d 518, 63 Cal.Rptr. 45, 432 P.2d 741). We are in accord with the view of the Walker case (supra) "that the privilege of converting the policy regardless of an employee's physical condition is a valuable right, that it would be inequitable to hold that an employee may be deprived of this right without his knowledge at the whim of the employer, and that the inclusion of such a [conversion] clause in the policy implies an intention that the employee should have knowledge of the precise date of termination of his employment."

We do not find any evidence that the Saffles were contributorily negligent. The record reveals that they had no knowledge that the policy had been terminated or that there was a right to convert the policy into individual coverage. Further, the employers' handbook states that the insurance will continue in force during any period of total disability. Thus, as the circuit judge found, the appellants were negligent and violated their fiduciary duties to the Saffles.

Finally, we do not think the trial judge abused his discretion in awarding prejudgment interest. Generally the award of interest is discretionary with the trial judge and interest is allowed in cases where the amount of the debt is certain and not disputed on reasonable grounds. *Textile Workers Union v. Brookside Mills, Inc.*, 205 Tenn. 394, 326 S.W.2d 671 (1959).

Thus, let the judgment as entered be affirmed with costs taxed to the appellants.

GODDARD and FRANKS, JJ., concur.