**COURT OF APPEALS
DECISION
DATED AND FILED**

**November 7, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP95**

Cir. Ct. No.  **2018CV47**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

---

RACHAEL WARRINGTON AND KURT
WARRINGTON, JR., PARENTS OF K. W.,
INDIVIDUALLY AND AS THE PERSONAL
REPRESENTATIVES FOR THE ESTATE OF K. W.,

    PLAINTIFFS-APPELLANTS,

THE NORTH CENTRAL REGIONAL COUNCIL
OF CARPENTERS HEALTH FUND,

    INVOLUNTARY-PLAINTIFF,

  V.

CITY OF PRAIRIE DU CHIEN, PRAIRIE DU CHIEN
AREA SCHOOL DISTRICT AND EMPLOYERS
MUTUAL CASUALTY COMPANY,

    DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Crawford County: CRAIG R. DAY, Judge. *Affirmed.*

Before Fitzpatrick, P.J., Blanchard and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Rachel and Kurt Warrington, individually and as the personal representatives of their son K.W.'s estate, appeal the circuit court order that dismissed their negligence claims against the City of Prairie du Chien and the Prairie du Chien Area School District. The Warringtons contend that the circuit court erred by applying the recreational immunity statute to conclude that the Warringtons failed to state a claim upon which relief may be granted. We agree with the circuit court that the statute applies and, therefore, we affirm the circuit court's dismissal order.[1]

¶2 We review de novo whether the Warringtons' complaint states a claim, accepting as true the facts alleged in the complaint. *See Atkinson v. Everbrite, Inc.*, 224 Wis. 2d 724, 727, 592 N.W.2d 299 (Ct. App. 1999). Whether the recreational immunity statute applies to a given set of facts is likewise a question of law we review de novo. *See Minnesota Fire & Cas. Ins. Co. v. Paper Recycling of La Crosse*, 2001 WI 64, ¶9, 244 Wis. 2d 290, 627 N.W.2d 527.

---

[1] As an alternative basis for dismissing the Warringtons' claims against the School District, the circuit court concluded that the Warringtons failed to properly serve the School District with their summons and complaint. We do not address this alternative basis for dismissing those claims.

¶3      According to the Warringtons' complaint, four-year-old K.W. was brought by his grandparents to the Prairie du Chien pool to attend a swimming lesson for "non-swimmers."  The lesson was supervised, instructed, and lifeguarded by City and School District staff.  During the lesson, the staff lost track of K.W. and did not realize that he was missing until the lesson was nearly over.  K.W. was found face down and unconscious in four feet of water.  It was estimated that he had been submerged for five to ten minutes before he was found.  K.W. later died.

¶4      The parties dispute whether, based on these alleged facts, the City and School District are immune from liability under paragraph (2)(b) of the recreational immunity statute.  That provision states that "no owner … is liable for the death of, any injury to, or any death or injury caused by, a person engaging in a recreational activity on the owner's property."  *See* WIS. STAT. § 895.52(2)(b) (2017-18).[2]

¶5      The Warringtons' sole argument against the application of this statutory provision is that K.W. was not engaging in a recreational activity.  The Warringtons concede that swimming and receiving instruction in swimming both qualify as "recreational activity" under the statutory definition.  *See* WIS. STAT. § 895.52(1)(g) (defining "[r]ecreational activity" as including "water sports" and

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.  We cite the current version for ease of reference.  The recreational immunity statute has not changed since the time of the events that led to K.W.'s death.

as including "instruction in" a recreational activity).[3] The Warringtons argue, however, that K.W. was not engaging in either of these activities when he sustained his fatal injuries. According to the Warringtons, K.W. could not have been swimming when he was injured because he was a "non-swimmer," and K.W. was not receiving instruction in swimming when he was injured because the pool staff had lost track of him.

¶6 Putting aside whether K.W. was engaging in swimming, we conclude that the statute applies because K.W. was engaging in "instruction in" swimming. The Warringtons' argument to the contrary views K.W.'s instruction in recreational activity moment by moment, isolating the time of injury and the moments leading up to the injury from the overarching activity in which K.W. was engaged. The Warringtons point to no statutory language or other authority that supports such a restrictive construction of the statute. Further, the Warringtons' argument runs contrary to the legislature's directive that the statute "'should be liberally construed in favor of property owners to protect them from liability.'"

---

[3] WISCONSIN STAT. § 895.52(1)(g) defines "[r]ecreational activity" as follows:

"Recreational activity" means any outdoor activity undertaken for the purpose of exercise, relaxation or pleasure, including practice or instruction in any such activity. "Recreational activity" includes hunting, fishing, trapping, camping, picnicking, exploring caves, nature study, bicycling, horseback riding, bird-watching, motorcycling, operating an all-terrain vehicle or utility terrain vehicle, operating a vehicle, as defined in s. 340.01(74), on a road designated under s. 23.115, recreational aviation, ballooning, hang gliding, hiking, tobogganing, sledding, sleigh riding, snowmobiling, skiing, skating, water sports, sight-seeing, rock-climbing, cutting or removing wood, climbing observation towers, animal training, harvesting the products of nature, participating in an agricultural tourism activity, sport shooting and any other outdoor sport, game or educational activity.

*See* **Wilmet v. Liberty Mut. Ins. Co.**, 2017 WI App 16, ¶13, 374 Wis. 2d 413, 893 N.W.2d 251 (quoting the act that created the current statute).

¶7      The circuit court, in its oral ruling, aptly explained why the Warringtons' construction of the statute is at odds with this directive and unreasonably restrictive:

> You look to the purpose of the use, recreational immunity is to be liberally construed in favor of immunity …. And just universally it is, from this Court's reading of the law, painting with too fine of a brush to parse the words of the recreational immunity statute that finely.
>
> ….
>
> If you … start down that path of receiving instruction—when do you start receiving instruction and when do you stop receiving instruction, I don't know where it logically would ever end. If we were to try to slice it that thinly, then if a supervisor was not directly engaged physically with you are you receiving instruction? If the supervisor were not directly verbally engaged, are you receiving instruction? If the supervisor is talking to the whole group but not looking at you, are you receiving instruction?
>
> I can envision just all kinds of ways that this gets complicated in a fashion that does not advance the overall goal of recreational immunity. The fact that this fact situation … speaks of a lack of due care makes no difference. That's the whole point of immunity. It's not that you're not negligent; it's that you are negligent but you are not liable based upon a grant of statutory immunity.

We agree with the circuit court's analysis.

¶8      Our conclusion that the recreational immunity statute applies here is bolstered by **Stann v. Waukesha County**, 161 Wis. 2d 808, 468 N.W.2d 775 (Ct. App. 1991). For the reasons we now explain, **Stann** is, if not controlling, at least supportive of our conclusion.

¶9      In *Stann*, a three-year-old girl died as a result of a drowning incident at a county beach after the girl had apparently wandered away from her mother. *See id.* at 812.  In suing the county, the girl's parents alleged that lifeguards failed to take appropriate action upon being informed that the girl was missing.  *Id.* at 812-13.  The girl's parents in *Stann* contended that a child of such young age who wanders off cannot be said to be engaging in recreational activity within the meaning of the statute.  *See id.* at 821.  This court disagreed and concluded that what mattered instead was the undisputed fact that the girl's mother "brought [her] to the … beach in order to use and enjoy the recreational aspects of the site."  *See id.* at 823.  Therefore, the court concluded, the girl's "presence at the … beach was for purposes of her engaging in recreational activity as contemplated pursuant to sec. 895.52."  *Id.*

¶10     Here, it is undisputed that K.W. was brought to the pool for a recreational activity—his swim lesson.  We would conclude that *Stann* is controlling except that the court in *Stann* was addressing paragraph (2)(a) of the recreational immunity statute, a different provision than the one the parties dispute here, and the City expressly disclaims any reliance on sub. (2)(a) as a basis for its motion to dismiss.  *See id.* at 819.  Under paragraph (2)(a), a property owner owes no duty to keep the property safe for recreational activities to a person who "*enters* the owner's property *to* engage in a recreational activity."  *See* WIS. STAT. § 895.52(2)(a) (emphasis added).  Here, the parties dispute the applicability of paragraph (2)(b), which does not contain similar "enters … to" language.  Rather, as already noted, paragraph (2)(b) immunizes property owners from liability for

harm caused by a person "engaging in a recreational activity on the owner's property." *See* § 895.52(2)(b).[4]

¶11 Based on the court's discussion in *Stann*, we are uncertain to what extent the court's focus on the reason for entering property was dependent on the "enters … to" language in paragraph (2)(a). *See Stann*, 161 Wis. 2d at 819-23. To the extent that the court in *Stann* was relying on that language, *Stann* may not be controlling here in the absence of similar language in paragraph (2)(b). However, a determination that the recreational immunity statute applies here is consistent with *Stann*, whereas concluding that the statute does not apply here may be inconsistent with *Stann*. Accordingly, *Stann* supports our conclusion that the recreational immunity statute applies in this case.

¶12 We turn finally to the Warringtons' reliance on a different case, *Engelhardt v. City of New Berlin*, 2019 WI 2, 385 Wis. 2d 86, 921 N.W.2d 714.

---

[4] WISCONSIN STAT. § 895.52(2) provides, in full:

> (2) No duty; immunity from liability. (a) Except as provided in subs. (3) to (6), no owner and no officer, employee or agent of an owner owes to any person who enters the owner's property to engage in a recreational activity:

> 1. A duty to keep the property safe for recreational activities.

> 2. A duty to inspect the property, except as provided under s. 23.115(2).

> 3. A duty to give warning of an unsafe condition, use or activity on the property.

> (b) Except as provided in subs. (3) to (6), no owner and no officer, employee or agent of an owner is liable for the death of, any injury to, or any death or injury caused by, a person engaging in a recreational activity on the owner's property or for any death or injury resulting from an attack by a wild animal.

We need not discuss the factual details of *Engelhardt*. It is enough to point out that *Engelhardt* involves the known danger exception to governmental immunity under WIS. STAT. § 893.80(4), and that the Warringtons do not contend that there is a comparable exception under the recreational immunity statute. *See Engelhardt*, 385 Wis. 2d 86, ¶¶3-7. Thus, the Warringtons' reliance on *Engelhardt* is misplaced and not persuasive.

¶13 In sum, for the reasons stated, we affirm the circuit court order dismissing the Warringtons' claims.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.